NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**FRANK J. VISCONI,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5086

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-656, Judge Susan G. Braden.

---

Decided: January 11, 2012

---

FRANK J. VISCONI, of Dover, Tennessee, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel was JAMES D. VALENTINE, United States Marine

Corps, Department of the Navy, Office of the Judge Advocate General, of Washington, DC.

--------

Before LINN, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Plaintiff Frank J. Visconi ("Visconi") appeals a final decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint pursuant to Claims Court Rule 12(b)(1) for lack of subject matter jurisdiction. *Visconi v. United States*, 98 Fed. Cl. 589, 596 (2011). We *affirm*.

## BACKGROUND

Visconi served on active duty in the United States Marine Corps ("USMC") from July 1964 to July 1968, and then in the USMC Reserve until July 19, 1970, at which point he received an honorable discharge. Visconi maintains that on May 2, 1969, he was awarded the Bronze Star Medal with a combat "V" and the Purple Heart Medal. Visconi's DD-214 ("Certificate of Release or Discharge from Active Duty"), DD-215 ("Correction to DD-214"), and Service Record Book do not reflect his having received these medals. Starting in 2007, Visconi made several requests that the Board for the Correction of Naval Records ("BCNR") and the USMC Headquarters Manpower Management Division, Military Awards Branch ("MMMA") correct his records to reflect these awards, but all of his requests were denied.

On September 29, 2010, Visconi filed a complaint in the Claims Court alleging that the BCNR and MMMA improperly denied his requests to correct his military records. The complaint requested that the Claims Court compel the BCNR and MMMA to correct his service

records to reflect the awards of the disputed medals and citations, and for other injunctive relief. Visconi did not assert a monetary claim. The Claims Court dismissed the complaint for lack of subject matter jurisdiction, holding that Visconi had failed to allege a claim under a money-mandating statute. *Visconi*, 98 Fed. Cl. at 594-96.

Visconi timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We review de novo a decision of the Claims Court to dismiss for lack of jurisdiction. *Brown v. United States*, 86 F.3d 1554, 1559 (Fed. Cir. 1996).

### DISCUSSION

On appeal, Visconi argues that the case should be remanded to the Claims Court, or, in the alternative, to an "appropriate court" to hold a hearing on the merits of his case. J.A. 7. To demonstrate Tucker Act jurisdiction, a plaintiff has the burden of identifying a constitutional provision, federal statute, executive agency regulation, or independent contractual relationship that provides a substantive right to money damages, that is, a money-mandating provision. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

Here, Visconi did not establish a basis for jurisdiction of the Claims Court. First, 10 U.S.C. § 1552, related to claims for correction of military records, is not a money-mandating statute that gives rise to jurisdiction under the Tucker Act. *Martinez v. United States*, 333 F.3d 1295, 1315 (Fed. Cir. 2003). Absent a right to money provided by Congress, money damages are not an available remedy for breach of a military enlistment contract, and thus Visconi's military enlistment contract alone cannot be a basis for a claim under the Tucker Act. *See United States v. Larionoff*, 431 U.S. 864, 869 (1977); *Bell v. United States*, 366 U.S. 393, 401 (1961); *Jablon v. United States*,

657 F.2d 1064 (9th Cir. 1981) ("[M]oney damages are not an available remedy for the government's breach of an enlistment contract."). Moreover, Visconi's complaint seeks only equitable relief, not money damages. The Tucker Act does not provide independent jurisdiction over claims for equitable relief. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). We therefore conclude that the Claims Court correctly dismissed the complaint for lack of subject matter jurisdiction.

After filing his notice of appeal with this court, Visconi requested the Claims Court transfer his case to a federal district court, and on appeal Visconi makes a similar request. This argument was not properly raised before the Claims Court, so we do not consider it here. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997).

COSTS

No costs.