Roland L. GOAD, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 99–311C.

United States Court of Federal Claims.

March 23, 2000.

Roland L. Goad, Huntsville, TX, pro se.

Kyle Chadwick, with whom were David W. Ogden, Acting Asst. Atty. Gen., David M. Cohen, Director, James M. Kinsella, Assistant Director, Washington, DC, for defendant; Major Karen L. Tibbals, U.S. Air Force, of counsel.

### ORDER

ANDEWELT, Judge.

#### I.

In this military pay action, plaintiff, Roland L. Goad, a retired member of the United States Air Force, appearing *pro se*, seeks to recover funds deducted from his military retired pay and paid to his former spouse, Mary Beth Goad. These deductions were made pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (1994), and a divorce decree issued by a Texas state court which provided that Mary Beth Goad shall receive a specified percentage of plaintiff's Air Force retirement benefits.

Plaintiff sought identical relief in *Goad v. United States*, 24 Cl.Ct. 777 (1991), *aff'd*, 976 F.2d 747 (Fed.Cir.1992) (*Goad I*), in which this court, per Judge Reginald W. Gibson, dismissed the complaint for failure to state a claim upon which relief can be granted. *See id.* at 786. The court rested its decision on Section 1408(f)(1) of the USFSPA, which provides in part:

> The United States and any officer or employee of the United States shall not be liable with respect to any payment made from retired or retainer pay to any member, spouse, or former spouse pursuant to a court order that is regular on its face if such payment is made in accordance with this section and the regulations prescribed pursuant to subsection (h).

10 U.S.C. § 1408(f)(1) (1994). The court reasoned that Section 1408(f)(1) specifically rejects any waiver of sovereign immunity for suits against the United States for payments made to spouses of military personnel when the payments are made pursuant to a divorce decree found to be "regular on its face." The court listed the criteria used to determine the regularity of a divorce decree and then concluded that "[t]he divorce decree at

issue in this case unequivocally meets these criteria." *Id.* at 785. Based on the absence of any waiver of sovereign immunity, the court dismissed plaintiff's complaint for failure to state a claim under RCFC 12(b)(4). The Court of Appeals for the Federal Circuit affirmed in an unpublished order, as follows: "The Claims Court was correct as a matter of law. Mr. Goad cannot recover from the United States the money paid to Mrs. Goad. Mr. Goad has no claim cognizable before the Claims Court. This court properly dismissed his action." *Goad v. United States,* No. 92–5053, slip op. at 3, 1992 WL 190516 (Fed.Cir. 1992).

Plaintiff's current complaint is before the court on defendant's motion to dismiss and plaintiff's motion for summary judgment. In addition, plaintiff has filed a series of RCFC 12(f) motions to strike and each party has moved to sanction the opposing party. For the reasons set forth below, defendant's motion to dismiss is granted and all other motions are denied.

## II.

■ In the instant action, plaintiff renews the claim presented in *Goad I* seeking to recover the funds deducted from his military retired pay and paid to his former spouse. In its motion to dismiss, defendant argues that the doctrine of res judicata bars this action. Res judicata, commonly known as "claim preclusion," "prevents a party from relitigating the same claims that were or could have been raised [in a prior action]." *Case, Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996). Res judicata serves the public interest by reducing the number of lawsuits, conserving judicial resources, and preventing inconsistent decisions. *See Faust v. United States,* 101 F.3d 675, 677 (Fed.Cir. 1996). In determining whether to apply res judicata, the courts employ a three-part test: "(1) whether the parties involved are legally identical; (2) whether the transaction or events underlying the claims are substantially related; and (3) whether the non-moving party had a 'full and fair opportunity to litigate the original claim.'" *Bernaugh v. United States,* 38 Fed.Cl. 538, 544 (1997) (quoting *Reidt v. United States,* 13 Cl.Ct. 741, 744 (1987)); *see also People Who Care v.*

*Rockford Bd. of Educ.,* 68 F.3d 172, 177 (7th Cir.1995) (applying the three-part test); *In re International Nutronics,* 28 F.3d 965, 969 (9th Cir.1994) (same); *United States v. Alcan Aluminum Corp.,* 990 F.2d 711, 718 (2nd Cir.1993) (same).

■ In the instant case, all three parts of this test are satisfied. First, the parties in this suit are the same parties who litigated *Goad I.* Second, the transactions or events underlying the two claims are identical—both claims contest the validity of the order pursuant to the USFSPA garnishing plaintiff's pay. Third, in *Goad I,* plaintiff had a full and fair opportunity to litigate his position, both in this court and in the Court of Appeals for the Federal Circuit. On this last point, in the instant complaint and the subsequent filings in the instant action, plaintiff relies upon legal arguments which appear to be variations of, or subsumed within, the six legal arguments the court listed and found unconvincing in *Goad I.* In any event, as noted above, even if plaintiff relies upon different legal arguments herein, res judicata prevents a party from relitigating the same claims that "were *or could have been* raised [in the prior action]." *Case,* 88 F.3d at 1011 (emphasis added). Nothing barred plaintiff from presenting the legal arguments upon which he relies in this action when he attacked the garnishment in *Goad I.*

■ Plaintiff argues that *Goad I* was dismissed for lack of jurisdiction, and because dismissals for lack of jurisdiction are without prejudice, plaintiff properly filed this second action setting forth the same claims set forth in the first. But *Goad I* was not dismissed for lack of jurisdiction but rather for failure to state a claim upon which relief can be granted. Dismissals for failure to state a claim upon which relief can be granted are "on the merits," *Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679, 686 (Fed.Cir.1992), and are entitled to res judicata effect, *see Faust,* 101 F.3d at 677.

■ Moreover, even if the dismissal of *Goad I* were viewed as a dismissal for lack of jurisdiction and not a dismissal for failure to state a claim upon which relief can be grant-

ed, the instant claim is still barred. Dismissals for lack of jurisdiction do not reach the merits of a claim and therefore are without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits. *See Richmond, Fredericksburg and Potomac R.R. v. United States,* 27 Fed.Cl. 275, 286 (1992) (citing *Scott Aviation v. United States,* 953 F.2d 1377, 1378 (Fed.Cir. 1992)). But when addressing jurisdiction over the second-filed claim, the doctrine of res judicata potentially can apply. A court always possesses jurisdiction to determine the scope of its own jurisdiction, and "[d]ismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue." *Amgen, Inc. v. United States Int'l Trade Comm'n,* 902 F.2d 1532, 1536 n. 5 (Fed.Cir.1990); *see also Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1196 (D.C.Cir.1983) (applying res judicata to a determination that 28 U.S.C. § 1332's "amount in controversy" requirement had not been met); *Zoriano Sanchez v. Caribbean Carriers Ltd.,* 552 F.2d 70, 72 (2nd Cir.1977) (applying res judicata to a determination that the Jones' Act requirement of nexus with the United States had not been met). Hence, if the second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim. On the other hand, if the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and res judicata does not apply. This "curable defect" exception to res judicata applies in the following situation:

> where a "precondition requisite" to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit—for example, the Government's filing of an affidavit of good cause in a denaturalization proceeding, proper service of process, or residency adequate to invoke diversity jurisdiction .... The deficiency pertained to a fact (filing of affidavit, service of process or present residence) separate and apart from the past and completed transactions that constituted the cause of action.

*Dozier,* 702 F.2d at 1192 (internal citations omitted). In *Goad I,* the court found a lack of jurisdiction on the ground that the United States did not waive its sovereign immunity to permit plaintiff to sue for the retirement payments paid to his former spouse. This defect of failure to waive sovereign immunity has not been, and cannot be, cured in the instant complaint and, hence, res judicata applies.

### III.

■ Both parties have moved for sanctions. Plaintiff's motion is based on the alleged unsoundness of defendant's motion to dismiss, which the court above finds not only reasonable but also correct. Hence, plaintiff's motion is denied. Defendant contends that sanctions are appropriate against plaintiff because the instant action is frivolous in view of *Goad I* and was intended to harass plaintiff's former spouse. A plaintiff must reasonably consider the viability of his or her claims before filing those claims in court, *see* RCFC 11, and if a court concludes that a litigant is abusing the judicial process, the court may impose sanctions, including reasonable restrictions on the litigant's access to the courts. *See Perrin v. United States,* No. 92–264C (Ct.Fed.Cl. Apr. 10, 1992); *cf. Zuger v. United States,* 834 F.2d 1009, 1010 (Fed. Cir.1987) (warning a pro se litigant that the court "shall likewise impose sanctions in any future 'tax protester' case in which the appeal is frivolous"). Mr. Goad has engaged in litigation contesting the deductions from his military retired pay for the past fifteen years and, on occasion, courts have described his claims as "frivolous" and have imposed sanctions. *See, e.g., Goad v. Goad,* 768 S.W.2d 356 (Tex.App.1989); *Goad v. United States,* 661 F.Supp. 1073 (S.D.Tex.1987); *Goad v. Rollins,* 921 F.2d 69 (5th Cir.1991). Herein, however, the application of res judicata to the instant facts is a sufficiently esoteric legal issue and the court will not say that plaintiff, who is not an attorney, acted unreasonably. But plaintiff now should understand that his claim for the funds sought is barred and he should refrain from presenting the same claim again to this court.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted and all

other motions are denied. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.