# United States Court of Appeals for the Federal Circuit

2007-1115

ACUMED LLC,

Plaintiff-Appellant,

v.

STRYKER CORPORATION, STRYKER SALES CORPORATION,
STRYKER ORTHOPAEDICS, and
HOWMEDICA OSTEONICS CORPORATION,

Defendants-Appellees.

Paul K. Vickrey, Niro, Scavone, Haller & Niro, of Chicago, Illinois, argued for plaintiff-appellant. With him on the brief were Robert A. Vitale, Jr., Richard B. Megley, Jr., and Frederick C. Laney.

Sharon A. Hwang, McAndrews, Held & Malloy, Ltd., of Chicago, Illinois, argued for defendants-appellees. With her on the brief was Gregory J. Vogler.

Appealed from: United States District Court for the District of Oregon

Judge Anna J. Brown

# United States Court of Appeals for the Federal Circuit

2007-1115

ACUMED LLC,

Plaintiff-Appellant,

v.

STRYKER CORPORATION, STRYKER SALES CORPORATION,
STRYKER ORTHOPAEDICS, and HOWMEDICA OSTEONICS CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court for the District of Oregon in case no. 06-CV-642, Judge Anna J. Brown.

_____

DECIDED:  May 13, 2008

_____

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

GAJARSA, Circuit Judge.

The issue in this case is whether a claim for patent infringement should have been brought in a prior case between the parties and is now precluded by the prior judgment.  Plaintiff-Appellant Acumed LLC ("Acumed") appeals a decision of the United States District Court for the District of Oregon dismissing its action against Defendants-Appellants Stryker Corp., et al., ("Stryker") as barred by claim preclusion.  Specifically, the district court held that Acumed's present infringement suit against Stryker was precluded by a prior infringement suit between the parties which was resolved by a final judgment on the merits, namely Acumed LLC v. Stryker Corp., No. 04-CV-513 (D. Or. April 21, 2006) ("Acumed I").  Because the district court misconstrued this court's

precedent regarding the manner in which claim preclusion applies to successive claims for patent infringement, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

In April 2004, Acumed sued Stryker for infringement of United States Patent No. 5,472,444 ("the '444 patent"). The '444 patent is directed to an intermedullary nail for fixing fractures of the proximal humeral cortex. '444 patent col.1 ll.6-8. The accused product in Acumed I was Stryker's T2 Proximal Humeral Nail ("T2 PHN"), which is used to treat proximal humeral bone fractures.

During discovery in Acumed I, Acumed learned that Stryker had developed a longer version of the T2 PHN named the "T2 Long." Acumed also obtained manufacturing drawings, development documents, and other information about the T2 Long. However, Stryker was not marketing the T2 Long in the United States during discovery, and presumably for this reason, Acumed did not amend its Acumed I complaint to add an infringement claim based on the T2 Long.

In April 2005, roughly four months after the close of fact discovery in Acumed I, Stryker began publicly marketing and selling the T2 Long in the United States. Acumed, however, did not inquire as to the commercial status of the T2 Long in the United States until July 2005. After receiving Acumed's inquiry, Stryker informed Acumed that it did not view the T2 Long to be part of the litigation over the T2 PHN and refused to respond substantively as to the commercial status of the T2 Long.[1] Having failed to obtain a

---

[1] In its brief to this court, Stryker clarifies that it did not initially view the T2 Long to be part of Acumed I because Acumed had not formally alleged infringement on the basis of the T2 Long. Appellee Br. at 7.

response from Stryker, Acumed filed a motion to compel production of a physical sample of the T2 Long and disclosure of sales data regarding the T2 Long. In its motion to compel, Acumed stated that—

> [i]f the long version [i.e., the T2 Long] is substantially similar to the regular nail [i.e., the T2 PHN] but for its length, the parties' existing infringement contentions would adequately embrace that nail. If, on the other hand, the nail is materially different, Acumed will decide at a later date whether a second suit is appropriate.

J.A. at 179-80. At the district court's behest, Stryker provided the requested T2 Long sample and sales information. After inspecting the sample, Acumed argued to the district court that the T2 Long was "substantially similar" to the T2 PHN and that the T2 Long might also infringe the '444 patent. J.A. at 695. The district court then offered to allow Acumed to add a claim of infringement based on the T2 Long but warned that adding the T2 Long claim would necessitate postponing the trial date for up to one year. Preferring to avoid this delay, Acumed decided to postpone its T2 Long infringement claim and the parties proceeded to trial solely on the T2 PHN infringement claim. The trial concluded with a jury verdict that the T2 PHN infringed the '444 patent and that Stryker's infringement was willful. The district court entered final judgment in Acumed I on April 20, 2006. The judgment of infringement and willfulness was affirmed by this court in Acumed LLC v. Stryker Corp., 483 F.3d 800 (Fed. Cir. 2007).

On May 3, 2006, Acumed filed its complaint in the case presently on appeal, Acumed LLC v. Stryker Corp., No. 06-CV-642, 2006 WL 3253115 (D. Or. Nov. 6, 2006) ("Acumed II"), alleging that Stryker's T2 Long nail infringes the '444 patent. The district court dismissed Acumed's suit pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Acumed's T2 Long infringement claim was precluded by the judgment of

infringement with respect to the T2 PHN in Acumed I.  Acumed appeals that dismissal.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## ANALYSIS

Under the doctrine of claim preclusion,[2] "a judgment on the merits in a prior suit

bars a second suit involving the same parties or their privies based on the same cause

of action."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979).  The Supreme

Court has also explained:

> The rule [of claim preclusion] provides that when a court of competent
> jurisdiction has entered a final judgment on the merits of a cause of action,
> the parties to the suit and their privies are thereafter bound "not only as to
> every matter which was offered and received to sustain or defeat the claim
> or demand, but as to any other admissible matter which might have been
> offered for that purpose."

Comm'r of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (quoting Cromwell v.

County of Sac, 94 U.S. 351, 352 (1876)).  Whether a claim is barred by claim preclusion

is a question of law that appellate courts review de novo.  See, e.g., Faust v. United

States, 101 F.3d 675, 677 (Fed. Cir. 1996); E&J Gallo Winery v. Gallo Cattle Co., 967

F.2d 1280, 1287 (9th Cir. 1992).

---

[2]    In the interest of precision, courts often use the term "claim preclusion" in place of the more general term "res judicata."  See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 478 (Fed. Cir. 1991) (hereinafter "Foster").  Although the term res judicata was once used primarily to denote the concept of claim preclusion, usage of the term res judicata has evolved to include "any preclusion of litigation arising from a judgment, including collateral estoppel."  Foster, 947 F.2d at 478.  Thus, to maintain the analytical distinction between res judicata and collateral estoppel, courts often substitute the terms "claim preclusion" and "issue preclusion."  Id.  See generally Restatement (Second) of Judgments, Introductory Note before ch. 3 (1982) (discussing the terminology of res judicata); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4402 (2d ed. 2002) (same).

In addition, because the term "claim" has a special meaning in patent law, we note that we use the term "claim" in our discussion of claim preclusion to denote a cause of action, not a patent claim.

To the extent that a case turns on general principles of claim preclusion, as opposed to a rule of law having special application to patent cases, this court applies the law of the regional circuit in which the district court sits—here the Ninth Circuit. See Media Tech. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1369 (Fed. Cir. 2003). The Ninth Circuit applies claim preclusion where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)). In this case, only the second requirement—i.e., the same claim requirement— is at issue.

Whether two claims for patent infringement are identical is a claim preclusion issue that is "particular to patent law," and therefore we analyze it under Federal Circuit law. Hallco Mfg. Co. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001) (hereinafter "Hallco") (citing Foster, 947 F.2d at 478-80). In applying the doctrine of claim preclusion, this court is guided by the Restatement (Second) of Judgments. Foster, 947 F.2d at 477 n.7, 478-79.[3] Under the Restatement approach to claim preclusion, a claim is defined by the transactional facts from which it arises. Id. As explained in the Restatement:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies

---

[3] In Foster, the court observed that the Ninth Circuit also follows the Restatement approach to claim preclusion. 947 F.2d at 477 n.7. Moreover, the court found that there was "no significant difference" between the Ninth Circuit and the Federal Circuit with respect to the law of claim preclusion. Id.

against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24. In Foster, this court held that one of the essential transactional facts giving rise to a patent infringement claim is "the structure of the device or devices in issue." 947 F.2d at 479. In so holding, the Foster court relied on Young Engineers, Inc. v. United States International Trade Commission, which held:

With respect to patent litigation, we are unpersuaded that an "infringement claim," for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit. Adjudication of infringement is a determination that a thing is made, used or sold without authority under the claim(s)[4] of a valid enforceable patent. Thus, the status of an infringer is derived from the status imposed on the thing that is embraced by the asserted patent claims, the thing adjudged to be infringing.

721 F.2d 1305, 1316 (Fed. Cir. 1983); see also Del Mar Avionics, Inc., v. Quinton Instrument Co., 836 F.2d 1320, 1324 (Fed. Cir. 1987) (holding that claim preclusion did not apply because a "device not previously before the court, and shown to differ from those structures previously litigated, requires a determination on its own facts"). It follows from Young Engineers that claim preclusion does not apply unless the accused device in the action before the court is "essentially the same" as the accused device in a prior action between the parties that was resolved by a judgment on the merits. Foster, 947 F.2d at 479-80. Accused devices are "essentially the same" where the differences between them are merely "colorable" or "unrelated to the limitations in the claim of the

---

[4] The court noted that the word "claim(s)" here refers to a claim of a patent, not a cause of action, i.e. a claim of infringement. Young Eng'rs, 721 F.2d at 1316 n.7.

patent." See id. at 480; cf. KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1526 (Fed. Cir. 1985) (holding that "contempt proceedings . . . are available only with respect to devices previously admitted or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent" (emphasis added)). Finally, the party asserting claim preclusion has the burden of showing that the accused devices are essentially the same. Foster, 947 F.2d at 480.

In this case, the district court held that Acumed's infringement claim against Stryker is precluded by a prior action between the parties that was resolved by a final judgment on the merits, namely the judgment in Acumed I. Acumed II, 2006 WL 3253115 at *18. However, the district court did not compare the accused device in this case with the accused device in Acumed I to determine whether they are "essentially the same" under Foster. Instead, the district court attempted to distinguish Foster on its facts. Id. at *10-12. In particular, the district court held that Hallco, 256 F.3d at 1295, "clarified the scope of Foster" by limiting the essentially-the-same test to cases where the accused device could not have been included in the prior action. Id. at *11. The district court explained that the accused device in Foster could not have been included in the prior action because the accused device did not exist at the time of the prior action.[5] Id. at *11-12. Conversely, the district court observed that the accused device in this case, the T2 Long nail, could have been litigated with the T2 PHN nail in Acumed I because Acumed knew that the T2 Long was being sold in the United States when Acumed I was litigated. Id. On this basis, the district court held that the

---

[5] The accused device in Foster was not produced until roughly four years after the prior judgment. 947 F.2d at 472.

essentially-the-same test of <u>Foster</u> does not apply to this case. <u>Id.</u> After distinguishing <u>Foster</u>, the district court considered general principles of claim preclusion under Ninth Circuit law and concluded that Acumed's infringement claim was barred by <u>Acumed I</u>. <u>Id.</u> at *13-18.

On appeal, Stryker follows the district court's reasoning and argues that the district court was correct in concluding that the essentially-the-same test of <u>Foster</u> only applies when a claim could not have been litigated in a prior action. In Stryker's view, the purpose of the essentially-the-same test is simply to determine whether the same claim was "actually litigated" in a prior action. Appellee Br. at 15. Stryker argues that even where a claim was not actually litigated in a prior action, that claim must be barred under the doctrine of claim preclusion upon a showing that the claim could have been litigated in the prior action. Indeed, Stryker argues that—

> [t]his case turns on the general claim preclusion principle that Acumed is barred from litigating the T2 Long in this case because Acumed raised its T2 Long claim in <u>Acumed I</u> and <u>could have litigated</u> the T2 Long issue then and there, but voluntarily chose not to do so. While the issue arises in a patent case, determining whether Acumed could and should have litigated the T2 Long in <u>Acumed I</u> does not involve any issues peculiar to patent law.

<u>Id.</u> at 31-32 (emphasis added). In so arguing, Stryker cites Federal Circuit and Ninth Circuit cases in which the courts used language that, standing alone, could be misread as providing that the application of claim preclusion turns solely on whether a claim could have been brought in an earlier action. For example, in <u>Pactiv Corp. v. Dow Chemical Co.</u>, this court stated that "[t]he defense of claim preclusion will generally be available where the asserted claim was, or <u>could have been</u>, raised in a prior action between the parties which has been adjudicated on the merits." 449 F.3d 1227, 1230

(Fed. Cir. 2006) (emphasis added).  Similarly, in <u>Owens v. Kaiser Foundation Health</u> <u>Plan, Inc.</u>, the Ninth Circuit stated that "[r]es judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or <u>could have been</u> <u>raised</u> in the prior action."  244 F.3d 708, 713 (9th Cir. 2001) (emphasis added).

None of these cases, however, support Stryker's contention that a claim is barred by claim preclusion merely because it <u>could have been raised</u> in a prior action between the parties that was resolved on the merits.  Indeed, the Supreme Court explained as early as 1876 that claim preclusion does not bar a claim merely because it could have been raised in a prior action between the parties that was resolved by a final judgment on the merits:

> It is not believed that there are any cases going to the extent that because in the prior action a different question from that actually determined might have arisen and been litigated, therefore such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. <u>On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action.</u>

<u>Cromwell v. County of Sac</u>, 94 U.S. 351, 356 (1876) (emphasis added).  More recently, the Ninth Circuit has also clarified that claim preclusion does not bar a claim merely because it could have been raised in a prior action between the parties that was resolved by a final judgment on the merits:

> We note, briefly, that courts have not always been clear that the phrase "claims that were raised or could have been raised," refers to legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action. The contrary reading would suggest that any cause of action that could have been joined in the original action would be precluded, a point we rejected over four decades ago.

Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 n.2 (9th Cir. 2005). Moreover, we disagree with the district court and Stryker that the essentially-the-same-test of Foster does not apply where a claim could have been litigated in a prior action. Although the district court cites Hallco, 256 F.3d at 1295, to distinguish Foster, we find nothing in Hallco or Foster that suggests that the essentially-the-same test does not apply where a claim could have been litigated in a prior action.

As discussed, a claim for patent infringement can only be barred by claim preclusion if that claim arises from the same transactional facts as a prior action. See, e.g., Young Eng'rs, 721 F.2d at 1314; Foster, 947 F.2d at 478-79. Moreover, one of the essential transactional facts giving rise to a patent infringement claim is "the structure of the device or devices in issue." Foster, 947 F.2d at 479. Thus, two claims for patent infringement do not arise from the same transactional facts unless the accused devices in each claim are "essentially the same." Id. at 479-80.

With this understanding of the scope of patent infringement claims for purposes of claim preclusion, we consider the application of claim preclusion to the case before us. Defendant-Appellee Stryker contends that Acumed's infringement claim is precluded by a prior action between the parties that was resolved by a final judgment on the merits, namely the judgment in Acumed I. However, Stryker has conceded in its brief to this court that the accused device in the present action (i.e., the T2 Long) is not essentially the same as the accused device in Acumed I (i.e., the T2 PHN). In particular, Stryker conceded that the T2 Long and the T2 PHN have differences that are related to the limitations of the '444 patent:

> Notwithstanding their similarities, the T2 Long differs from the T2 PHN for purposes of infringement because it is much longer than the T2 PHN.[]

> The length of the nail is pertinent to any infringement inquiry because each of the asserted claims of the '444 patent requires that the shank be "configured to occupy an upper portion of the proximal humeral shaft." (A29 at 5:46-47.) Due to the length of the T2 Long, it cannot be deemed to be "configured to occupy the upper portion of the proximal humeral shaft." Rather, it occupies the entire humeral shaft area, including the lower portion of the distal humeral shaft.

Appellee Br. at 5. Later in its brief, Stryker specifically concedes that the T2 Long and the T2 PHN are not "essentially the same" under the <u>Foster</u> test for claim preclusion:

> Stryker does not now nor has Stryker ever taken the position that the T2 Long is "essentially the same" as the T2 PHN. Stryker has repeatedly explained that the T2 Long introduces noninfringement defenses that were not available with respect to T2 PHN, and thus cannot be "essentially the same" under <u>Foster</u>.

<u>Id.</u> at 52. Because Stryker has conceded that the T2 Long and the T2 PHN accused devices are not "essentially the same" under <u>Foster</u>, it has failed to meet its burden to show that the infringement claim in <u>Acumed I</u> is the same as the infringement claim in the present action. Accordingly, Stryker has failed to show that <u>Acumed I</u> bars the present action under the doctrine of claim preclusion.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

<u>REVERSED</u> AND <u>REMANDED</u>