NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ASM INTERNATIONAL, N.V., ASM AMERICA, INC.,**
*Petitioners*

---

2019-118

---

On Petition for Writ of Mandamus to the United States District Court for the District of Oregon in No. 3:18-cv-00323-AC, Magistrate Judge John V. Acosta.

---

**ON PETITION**

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

## O R D E R

ASM International, N.V. and ASM America, Inc. (collectively, "ASM") seek a writ of mandamus directing the United States District Court for the District of Oregon to transfer this case to the United States District Court for the Northern District of California.  Kokusai Semiconductor Equipment Corporation and Kabushiki-Kaisha Kokusai Electric (collectively, "HiKE") oppose the petition.

ASM develops and sells multi-component furnace systems used in the deposition of thin films on semiconductor

microchips, including lines of equipment known as the A412 batch vertical furnace system, the Pulsar XP ALD system, the EmerALD XP ALD system, the Eagle XP8 PEALD system, and the Dragon XP8 PECVD system. ASM maintains regional sales and support offices for those products in both San Jose, California and Hillsboro, Oregon. HiKE competes with ASM in the same market and owns a number of patents covering different aspects of wafer substrate processing and semiconductor device production. HiKE maintains U.S. headquarters in San Jose, California, a facility in Hillsboro, Oregon, and a large sales and support center nearby in Vancouver, Washington.

In December 2017, the parties sued each other for patent infringement in the Northern District of California. HiKE's suit alleged, in relevant part, that ASM's furnace systems infringed seven patents that HiKE characterizes as relating to the handling, processing, and monitoring of wafer substrates during semiconductor fabrication. In February 2018, HiKE filed the underlying complaint in the District of Oregon, alleging that the same products infringed four different patents that, according to HiKE, relate to reaction chambers configurations, including nozzles and other structures for injecting gases into those chambers.

In January 2019, the magistrate judge issued a report and recommendation to deny ASM's motion. Among other things, the magistrate judge emphasized that the four patents in the Oregon action were directed to different subject matter than the seven patents in the California action. On March 20, 2019, the Oregon district court, adopting the magistrate judge's recommendations, denied ASM's motion to dismiss or transfer the case to Northern California. In reaching its conclusion, the district court rejected ASM's arguments that the "first-to-file" rule warranted dismissal or transfer or alternatively that HiKE had engaged in improper claim splitting, noting that "[e]ven though the Accused Products are the same in both actions, the Accused

Products are highly complex and involve multiple different technologies and the California lawsuit and the Oregon lawsuit involve different patents, different claim terms, and different claim elements."

The district court also rejected ASM's arguments that the magistrate had given too much deference to HiKE's choice to bring this suit in Oregon. The court concluded that the magistrate had properly considered and weighed the applicable factors in a 28 U.S.C. § 1404(a) analysis. ASM now seeks mandamus review of that order. We have jurisdiction to review the matter under the All Writs Act, 28 U.S.C. § 1651(a), and 28 U.S.C. § 1295(a)(1).

A party seeking a writ bears the burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (citation and internal quotation marks omitted). The court must also be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004). ASM has not made that showing here. We therefore deny the petition.

ASM first challenges the district court's "first-to-file" rule determination. That rule "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases." *In re Telebrands Corp.*, 2016-106, 2016 WL 11588057, at *2 (Fed. Cir. Feb. 24, 2016) (non-precedential). However, where the overlap between the two cases is not "complete or nearly complete," we generally defer to a district court's reasoned assessment of "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* (citation and internal quotation marks omitted).

We followed this approach in denying a petition for writ of mandamus in *Telebrands*. There, the plaintiff filed one suit alleging patent infringement and a second suit in a separate venue alleging trademark and copyright infringement. The district court found that despite the same product being accused in both cases, the various claims would present different legal and factual inquiries. We rejected the defendant's attempts to overturn the district court's first-to-file determination on mandamus review because the district court had reasonably taken into consideration the different tasks of each case and because no precedent had been advanced "supporting the proposition that one court must hear all forms of intellectual property misappropriation of an accused product." *Id.* at \*3.

Although in this case both suits filed by HiKE allege patent infringement, the court's analysis in *Telebrands* is nonetheless instructive. Here, having considered the record before it, the district court exercised its considerable discretion to not transfer because this case involves different asserted patents, claim terms, and technology than are at issue in the Northern California action. ASM does not directly refute these factual findings and instead largely urges transfer because both cases involve the same products. However, that was essentially the same argument that was rejected in *Telebrands*. The same analysis leads us to conclude that ASM has not shown a clear and indisputable right to have the case transferred or dismissed under the "first-to-file" rule.

ASM also challenges the application of the usual transfer factors. The magistrate noted that both parties had places of business in the district, that none of the inventors overlapped, and that ASM's filings lacked "information as to the number of witnesses, their location, the subject of the testimony, and their willingness to cooperate," making it unclear that they had shown transfer was warranted. As to the public factors, the magistrate noted that "this case involves different patents with different claims and

different inventors," that "discovery can be structured in a way to avoid duplication and any inconsistent rulings," and that Oregon could likely more quickly resolve the dispute.

ASM contends that HiKE was simply shopping for a forum that would be faster than the Northern District of California. The district court, however, rejected this argument, and we cannot say that HiKE has shown a clear and indisputable right to have the case transferred or dismissed on this basis. Notably, the Oregon action was filed before the trial date was set in the Northern District of California and thus before HiKE knew that trial in the California case would be delayed until 2022. And while the district court could have given more weight to the benefits of having both cases in the same court, we cannot say that it was required to do so under these circumstances.

Lastly, ASM argues that the district court clearly erred by not applying the claim-splitting doctrine to bar the Oregon action. Generally, the claim-splitting doctrine is a form of claim preclusion that bars a subsequent patent infringement action when it "arises from the same transactional facts as a prior action." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1326 (Fed. Cir. 2008). To the extent that ASM contends that the district court erred by not dismissing the action, it has adequate alternative means of raising this issue on appeal after a final judgment. To the extent that it contends that the district court erred in not transferring the case, ASM has not shown a clear and indisputable right to have the case transferred for the same reasons we rejected ASM's other contentions.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

6                                               IN RE:  ASM INTERNATIONAL, N.V.


                                        FOR THE COURT


May 23, 2019                            /s/ Peter R. Marksteiner
    Date                                Peter R. Marksteiner
                                        Clerk of Court
s31