# In the United States Court of Federal Claims

No. 22-300

(Filed: 5 October 2022)

NOT FOR PUBLICATION

```
*****************************************
GREGORY JOSEPH AND KARLA SUE          *
PODLUCKY,                             *
                                      *
                 Plaintiffs,          *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                 Defendant.           *
                                      *
*****************************************
```

*Gregory Joseph Podlucky and Karla Sue Podlucky, pro se*, of Colorado Springs, CO.

*Stefan R. Wolfe*, Attorney of Record, Court of Federal Claims Section, Tax Division, of the U.S. Department of Justice, with whom were *David A. Hubbert*, Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, all of Washington, DC, for defendant.

## ORDER

**HOLTE**, **Judge.**

On 15 March 2022, Gregory and Karla Podlucky filed their second tax refund suit in this Court. Plaintiffs again seek tax refunds for tax years 2003, 2004, 2005, and 2006 in the amounts of $90,301, $137,306, $147,272, and $96,859, respectively, plus interest at 3% per annum equaling $285,263, for a total claim of $757,001. The government moved to dismiss plaintiffs' claims, arguing this Court previously dismissed plaintiffs' identical claims, and the statute of limitations period for each claim has expired. Plaintiffs allege this lawsuit is not subject to res judicata because it has different Federal Statements and claim amounts for the tax years at issue. For the following reasons, the Court: (1) grants plaintiffs' motion to proceed *in forma pauperis*; (2) grants the government's motion to dismiss; and (3) dismisses plaintiffs' complaint.

## I. Background

### A. Factual History

The Court draws the following facts from plaintiffs' filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor."

*Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000) (citation omitted); *see Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").  On 21 July 2021, plaintiffs filed amended returns on Form 1040X "with the Department of [t]he Treasury, Internal Revenue Service, requesting tax refunds for the tax years 2003, 2004, 2005 and 2006 in the amounts of $90,301, $137,306, $147,272 and $96,859, respectively."  Am. Compl. at 2, ECF No. 11.  Plaintiffs believe they need a tax refund, because they were "informed by [their] lobbyist in Washington, DC that the Internal Revenue Service audit staff failed to take into consideration the Section 165 deduction for the deductions of [their] guest house," and for the "[g]overnment's taking of [their assets]."  Am. Compl., Ex. 2.  Plaintiffs allege on 1 September 2021 they "sent a letter to the Commissioner of Internal Revenue making claim for the [r]efunds thereby exhausting all administrative remedies." Am. Compl. at 2.  Plaintiffs claim "[t]here has been no response to date." *Id.*

## B.  Previous Related Case in This Court

Plaintiffs previously sought tax refunds for the same years in this Court.  *See Podlucky v. United States*, No. 21-1633, 2022 WL 199882 (Fed. Cl. Jan. 20, 2022) ("*Podlucky I*").  In their previous lawsuit, on 29 July 2021, plaintiffs filed a complaint seeking tax refunds for 2003, 2004, 2005, and 2006. *Id.* at 1.  The government then moved to dismiss the complaint for lack of subject matter jurisdiction. *Id.*  As plaintiffs did not file a response, the court granted the government's motion to dismiss on 20 January 2022 holding plaintiffs' lack of response "could be interpreted as a concession to dismissal" under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *Id.* at 4.  The court also found it lacked subject matter jurisdiction because of both "the long-since expired statute of limitations in 26 U.S.C. § 6511(a)," and a "failure to conform with the six-month period prescribed by 26 U.S.C. § 6532." *Id.*[1]

---

[1] Plaintiffs have repeatedly filed lawsuits in this Court and the U.S. Court of Appeals for the Federal Circuit.  In *Podlucky IIA*, Mr. Podlucky claimed the government "failed to return to him personal property that was seized during the execution of several search warrants in November 2006 and January 2007" in connection with his conviction of income tax evasion, mail fraud, and conspiracy to commit money laundering.  *Podlucky v. United States,* No. 21-1377, 2021 WL 2627130, at *1 (Fed. Cl. June 25, 2021) ("*Podlucky IIA*"); *Podlucky v. United States*, No. 21-1634C, 2021 WL 6058866, at *2 (Dec. 22, 2021) ("*Podlucky IIIA*").  The case was dismissed for lack of subject matter jurisdiction and the U.S. Court of Appeals for the Federal Circuit affirmed the dismissal in *Podlucky IIB*.  *Podlucky IIA*, 2021 WL 2627130, at *1; *Podlucky v. United States*, No. 21-2226, 2022 WL 1791065, at *1 (Fed. Cir. June 2, 2022) ("*Podlucky IIB*").

In *Podlucky IIIA*, Mr. Podlucky filed a complaint in this Court seeking damages of $22,517,500,000 "predicated on a Default Judgment and Notice of Claim for Right of Subrogation that he filed on the docket of [the] criminal case . . . ." *Podlucky IIIA*, 2021 WL 6058866, at *1.  This Court granted the government's motion to dismiss for lack of subject matter jurisdiction. *Id.*  The U.S. Court of Appeals for the Federal Circuit affirmed in *Podlucky IIIB*, observing this was the "third case this year involving Mr. Podlucky." *Podlucky v. United States*, No. 22-1328, 2022, WL 2951453, at *2 (Fed. Cir. July 26, 2022) ("*Podlucky IIIB*") (citing *Podlucky IB*, 2022 WL 1791065 (non-precedential); *Podlucky v. United States*, No. 2022-1319, 2022 WL 2951461 (Fed. Cir. July 6, 2022) ("*Podlucky IVB*")).

## C. Procedural History

On 15 March 2022, plaintiffs filed a complaint in this case, ECF No. 1. The same day, plaintiffs also filed an application to proceed *in forma pauperis* ("Pls.' IFP Appl."), ECF No. 2. On 25 March 2022, plaintiffs filed a motion for leave to file: (1) an amended complaint as "[p]laintiffs made corrections from pdf[] document files that were overwritten in error due to the [p]laintiffs change in Adobe Acrobat software versions"; and (2) an amended pleading under seal pursuant to RCFC 9(m) that conforms to RCFC 5.2, ECF No. 6. On 12 April 2022, the government filed a response stating, "the United States does not oppose the motion" and requesting "the Court grant plaintiff[s'] motion, or otherwise clarify that plaintiffs may file their amended complaint." Def.'s Resp. at 1–2, ECF No. 9. The Court granted plaintiffs' motion for leave the same day, ECF No. 10. On 13 April 2022, plaintiffs filed their sealed amended complaint seeking $757,001 in tax refunds and interest. Am. Compl. at 2. On 26 April 2022, the government filed its motion to dismiss plaintiffs' complaint ("Def.'s MTD"), ECF. No. 14. On 24 May 2022, plaintiffs filed a response to the government's motion to dismiss, ECF No. 15. On 26 May 2022, the government filed a reply in support of its motion to dismiss, ECF No. 16. Plaintiffs then requested leave to file a surreply, ECF No. 17, which the court granted, ECF No. 19. Plaintiffs filed their surreply on 6 July 2022, ("Pls.' Surreply"), ECF No. 22, and the government filed its response the same day ("Def.'s Surreply Resp."), ECF No. 23.

## II. Plaintiffs' *In Forma Pauperis* Application

Plaintiffs request the Court allow them to proceed *in forma pauperis*. *See* Pls.' IFP Appl. Pursuant to 28 U.S.C. § 1915(a)(1) (2018), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees . . . ." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit demonstrating plaintiff is unable to pay the fee and "still be able to provide himself and dependents with the necessities of life" is sufficient. *Id.* (cleaned up); *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.").

---

In *Podlucky IVA*, the couple filed suit together in this Court "seeking damages of $11,374,989.42 for an alleged taking" of jewelry seized in connection with the prior criminal conviction. *Podlucky v. United States*, No. 21-1686, 2021 WL 6058874, at *1 (Fed. Cl. Dec. 22, 2021) ("*Podlucky IVA*"). This Court recognized that the Podluckys had filed this claim in other jurisdictions and "[f]inding no success in the district courts and the Third Circuit, the plaintiffs have now turned to the Court of Federal Claims to seek relief." *See id.* at *3. This Court granted the government's motion to dismiss for lack of subject matter jurisdiction and the U.S. Court of Appeals for the Federal Circuit affirmed in *Podlucky IVB*. *Id.* at *1; Podlucky IVB, 2022 WL 2951461, at *2.

In their application to proceed *in forma pauperis*, plaintiffs state they are currently employed at Missy's Place Foundation earning $100.00 in both gross and net monthly wages. Pls.' IFP Appl. at 1. The only additional income plaintiffs have received within the past twelve months is "[p]ublic [a]ssistance of $1,485," and plaintiffs expect future public assistance of $1,778. *Id.* at 2. Plaintiffs claim they have no assets and no money in cash or in a checking or savings account, but assert they spend $1,200 on rent, $460 on food, $50 on laundry, $300 on medical and dental care, $200 on transportation, and $100 on other monthly expenses. *Id.* Plaintiffs assert they owe $12,839,217.06 to G. Jesse Podlucky, Jordan P. Podlucky, and Jared D. Podlucky. *Id.* The Court finds plaintiffs have shown paying the Court's filing fee would "constitute a serious hardship" as they note insufficient income and assets relative to their expenses and liabilities. *Waltner*, 93 Fed. Cl. at 143; *see Adkins*, 335 U.S. at 339. For these reasons, the Court grants plaintiffs' application to proceed *in forma pauperis*.

## III. Applicable Law

### A. Standard of Review for a Motion to Dismiss Under RCFC 12(b)(1) and (6)

Under RCFC 12(b)(1), plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). "[A] motion to dismiss a matter from [this Court] due to the expiration of the statute of limitations period concerns a lack of subject matter jurisdiction and is thus properly brought under RCFC 12(b)(1)." *Chisolm v. United States*, 82 Fed. Cl. 185, 192, *aff'd*, 298 F. App'x 957 (Fed. Cir. 2008). "[O]nly uncontroverted factual allegations are accepted as true for purposes of [a RCFC 12(b)(1) motion]." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (citations omitted). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584 (citations omitted).

Under RCFC 12(b)(6), this Court should dismiss a complaint "when the facts asserted by the claimant do not entitle him to a legal remedy." *Rowe v. United States*, 151 Fed. Cl. 268, 271 (2020) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). This rule "allow[s] the [C]ourt to eliminate actions that are fatally flawed in their legal premises . . . to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). When evaluating a motion to dismiss under 12(b)(6), the Court "must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006) (citation and quotation marks omitted). These factual allegations must "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (citations omitted) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such

leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted). A *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in drafting pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV. Analysis of the Government's Motion to Dismiss

The government seeks dismissal under Rule 12(b)(1) and 12(b)(6), contending plaintiffs' claims are "fatally flawed" as they are barred by both the doctrine of res judicata and the statute of limitations. Def.'s MTD at 3. The government asserts "[t]he issue of subject matter jurisdiction has already been decided and plaintiffs cannot file a second lawsuit simply because they want a second bite at the apple." *Id.* Plaintiffs disagree, arguing their "second-filed claim ha[s] different Federal Statements and claim amounts for the tax years 2003, 2004, 2005 and 2006" and "[i]f the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and res judicata does not apply." Pls.' Surreply at 4 (quoting *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000)).

"Under the doctrine of claim preclusion, 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)). "[T]he parties to the [prior] suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. Sac Cnty.*, 94 U.S. 351, 352 (1876)). "Whether a claim is barred by claim preclusion is a question of law." *Acumed*, 525 F.3d at 1323. "Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue." *Amgen Inc. v. U.S. Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990) (citations omitted).

First, in *Podlucky I*, Gregory and Karla Podlucky were plaintiffs, and the United States was defendant; thus, the prior suit and present suit involve the same parties. *See Acumed*, 525 F.3d at 1323; *Podlucky I*, 2022 WL 199882 at *1; Am. Compl. at 2. Second, in *Podlucky I*, plaintiffs sought "tax refunds for the tax years 2003, 2004, 2005 and 2006 in the amounts of $90,301, $137,306, $147,272 and $96,859, respectively." *Podlucky I*, 2022 WL 199882 at *1. Although plaintiffs assert their "second-filed claim had different Federal Statements and claim amounts for tax years 2003, 2004, 2005 and 2006," Pls.' Surreply at 4, in plaintiffs' amended complaint, they again seek "tax refunds for the tax years 2003, 2004, 2005 and 2006 in the amounts of $90,301, $137,306, $147,272 and $96,859, respectively." Am. Compl. at 2. A claim is precluded when a prior suit involved the same cause of action. *See Acumed*, 525 F.3d at 1323. Plaintiffs' claim is, therefore, precluded because their present cause of action involves the same parties and seeks tax refunds for the same tax years and dollar amounts as in *Podlucky I*.

*Podlucky I*, 2022 WL 199882; Am. Compl. at 2. Third, when plaintiffs did not file a timely appeal or seek reconsideration, the court's dismissal for lack of jurisdiction in *Podlucky I* became a final judgement and "may be given res judicata effect as to the jurisdictional issue." *Amgen*, 902 F.2d at 1536; *see Podlucky I*, 2022 WL 199882. As the instant claim involves the same parties, is based on the same cause of action, and the previous court entered a final judgment as to the jurisdictional issue, the Court finds plaintiffs' suit is precluded under the doctrine of res judicata.[2] *See Acumed*, 525 F.3d at 1323; *Amgen*, 902 F.2d at 1536; *Podlucky I*, 2022 WL 199882; Am. Compl. at 2.

The government also contends plaintiffs' claims are barred by the statute of limitations as the time to file a refund claim "lapsed long ago." Def.'s MTD at 5. In considering whether plaintiffs' claims are time-barred, for the 2003 tax year, plaintiffs filed their tax return on 2 August 2004 and the last date of payment was 8 July 2004. Def.'s MTD at 6. For the 2004 tax year, plaintiffs filed their tax return on 5 September 2005 and the last date of payment was 15 April 2005. *Id.* For the 2005 tax year, plaintiffs filed their tax return on 8 May 2006 and the last date of payment was 15 April 2006. *Id.* For the 2006 tax year, plaintiffs filed their tax return on 5 November 2007 and the last date of payment was 15 April 2007. *Id.*

"[I]t is a well-established rule that a timely, sufficient claim for a [tax] refund is a jurisdictional prerequisite to a refund suit." *Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999) (quoting *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983)). "A federal tax refund claim must be filed either: within three years of filing the return; or within two years of paying the tax, whichever is later." *Koopmann v. United States*, 150 Fed. Cl. 290, 295 (2020), *reconsideration denied*, 152 Fed. Cl. 313 (2021), and *aff'd*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022) (citing 26 U.S.C. § 6511(a)).

The Court first applies the three-year statute of limitations using the date the return was filed. Plaintiffs' most recently filed return for which they request a refund, the 2006 tax year, was filed on 5 November 2007; thus, the claim must have been filed by 5 November 2010. Def.'s MTD at 6; *Koopmann*, 150 Fed. Cl. at 295. Alternatively, applying the two-year statute of limitations based on the date the taxes were paid, plaintiffs paid their 2006 taxes on 15 April 2007, therefore the claim must have been filed by 15 April 2009. Def.'s MTD at 6; *Koopmann*, 150 Fed. Cl. at 295. Plaintiffs filed their original complaint with this Court on 15 March 2022, outside both the statute of limitations three-year period for filing a return and two-year period of

---

[2] In *Podlucky I*, this Court dismissed plaintiffs' claims for lack of subject matter jurisdiction given plaintiffs' "failure to conform with the six-month period prescribed by 26 U.S.C. § 6532, and, alternatively, the long-since expired statute of limitations in 26 U.S.C. § 6511(a)." *Podlucky I*, 2022 WL 199882 at *3. Plaintiffs argue "[i]f the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and res judicata does not apply." Pls.' Surreply at 4 (citing *Goad*, 46 Fed. Cl. at 398). The government asserts "[i]f the second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim." Def.'s MTD at 4 (citing *Goad*, 46 Fed. Cl. at 398). Although plaintiffs' second-filed claim might cure the "failure to conform with the six-month period prescribed by 26 U.S.C. § 6532," plaintiffs' second-filed claim is still barred by the doctrine of res judicata because plaintiffs' cause of action is the same in both *Podlucky I* and plaintiffs' present claim. *Podlucky I*, 2022 WL 199882 at *3; Am. Compl. at 2; *see infra* this section. The doctrine of res judicata "prevents a party from relitigating the same claims that were or could have been raised [in a prior action]," therefore plaintiffs are barred from again seeking a tax refund for the same amount and same years. *Goad*, 46 Fed. Cl. at 398 (citing *Case, Inc. v. United States*, 88 F.3d 1004, 1011 (Fed. Cir. 1996)).

paying the tax.  Def.'s MTD at 6; *Koopmann*, 150 Fed. Cl. at 295.  Since plaintiffs filed and paid their 2003, 2004, and 2005 taxes before their 2006 taxes, those years are also necessarily time-barred.  Def.'s MTD at 6; *Koopmann*, 150 Fed. Cl. at 295.  As plaintiffs' claims exceed the statute of limitations by over 10 years, even if plaintiffs' claims were not barred by the doctrine of res judicata, they would be barred under this court's statute of limitations for tax claims.[3]  *Koopmann*, 150 Fed. Cl. at 295; 26 U.S.C. § 6511(a).

## V.  Conclusion

The Court has considered all of plaintiffs' arguments.  To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court.  As plaintiffs' have shown paying the court's filing fee would constitute a serious hardship, and as plaintiffs' claims are barred by the doctrine of res judicata and by the statute of limitations, the Court:  (1) **GRANTS** plaintiffs' motion to proceed *in forma pauperis*, ECF No. 2; (2) **GRANTS** the government's motion to dismiss, ECF No. 14; and (3) **DISMISSES** plaintiffs' complaint.  The Clerk is **DIRECTED** to enter judgment dismissing plaintiffs' complaint.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, similar to plaintiffs' past cases in this court, *see supra* note 1, plaintiffs' claims as alleged are clearly outside the jurisdiction of the Court and incurable.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[3] Plaintiffs also allege the court's ruling in *Podlucky I* was based on fraud on the court perpetrated by the government "for accessing [plaintiffs'] tax information without their consent thereby violating [plaintiffs'] Fourth Amendment [c]onstitutional [r]ights."  Pls.' Surreply at 4.  The government argues "there are strict safeguards regarding taxpayer information," however, there is an exception allowing "Department of Justice attorneys assigned to a case to obtain taxpayer information needed to defend the case."  Def.'s Surreply Resp. at 2.  According to the government "[s]ection 6103(h)(2) includes as an exception when 'a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice . . . personally and directly engaged in, and solely for their use in, any proceeding before a . . . Federal or State court.'"  *Id.*  Under § 6103(h)(2)(A), disclosure of certain taxpayer information is allowed when the "taxpayer is or may be a party to the proceedings."  Taxpayer information can be disclosed to the government when the government is the defendant in a lawsuit; thus, the Court finds meritless plaintiffs' claim *Podlucky I* was based on fraud on the court perpetrated by the government.  *See* § 6103(h)(2)(A); *Podlucky I*, 2022 WL 199882.