# United States Court of Appeals for the Federal Circuit

—————

**BOWERS INVESTMENT COMPANY, LLC,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

—————

2011-5102

—————

Appeal from the United States Court of Federal Claims in No. 10-CV-677, Chief Judge Emily C. Hewitt.

—————

Decided: October 15, 2012

—————

MICHAEL C. KRAMER, Borgeson & Kramer, P.C., of Fairbanks, Alaska, for plaintiff-appellant.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

—————

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Plaintiff Bowers Investment Company, LLC ("Bowers") appeals the dismissal by the United States Court of Federal Claims of Bowers' claim against the Federal Aviation Administration (FAA) for nonpayment and underpayment of rent.[1] We affirm the ruling that these claims are precluded by Bowers' prior claim, which was appealed to and finally decided by the Civilian Board of Contract Appeals (CBCA). The present claims are based on the same transactional facts, and could have been and should have been raised and resolved in the prior proceeding.

BACKGROUND

On October 1, 1993, Bowers and the FAA entered into a Lease agreement for certain office and warehouse space in South Fairbanks, Alaska. The FAA agreed to make monthly rental payments beginning in January 1994, at a monthly rent starting at $19,509.60 and payable each month "in arrears." Payment was "due on the first workday of each month." The parties agreed that Bowers would make various initial build-outs. The Lease was renewable annually at the FAA's option, and the parties modified the Lease eight times until the termination date of September 30, 2006.

On February 25, 2008, Bowers filed a claim totaling $82,203.72 with the contracting officer. *See* 41 U.S.C. § 7103(a)(1) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."). Bowers asserted enti-

---

[1]    *Bowers Inv. Co.. LLC v. United States*, 2011 U.S. Claims LEXIS 657 (Fed. Cl. Apr. 22, 2011).

tlement to compensation for the final month's rent, and other claims relating to damage to the property.

With respect to the claim for the final month's rent, Bowers stated that because the contract provided for payment "in arrears," the FAA's payment made on September 13, 2006 was for the August 2006 rent; thus Bowers stated that the FAA did not pay the rent for September 2006.  The government responded that despite the contract payment terms it was not paying the rent in arrears, but in advance.  The contracting officer agreed, and denied Bowers' claim for the September 2006 rent.  The officer allowed other minor claims, not here at issue.

Bowers appealed to the CBCA, pursuant to 41 U.S.C. § 7104(a) ("A contractor, within 90 days from the date of receipt of a contracting officer's decision . . . , may appeal the decision to an agency board . . . .").  During the CBCA proceedings, the FAA produced records of its historical payments to Bowers.  These records show monthly rental payments starting with a payment made on May 2, 1994. The records also show total payments of several hundred thousand dollars during the first three months of 1994, described by Bowers as for the agreed build-outs, but not specified further in the record.  The FAA records do not show specific rental payments for January, February, and March 1994.  Bowers then argued to the CBCA that the rent for the first three months of the leasehold was not paid, and sought to amend his claim to request payment of the rent for these three months.  The CBCA denied the request, stating: "For us to agree with Bowers' argument would require our acceptance of a scenario under which one or more of the first three payments commencing January 1994 were not made and Bowers did not complain in writing or otherwise regarding the FAA error."  *Bowers Inv. Co. v. Dep't of Transp.*, CBCA 1196, 09-2 BCA ¶ 34,238.  Bowers

signed a certificate of finality, stating that it accepted the award from the CBCA as full and final satisfaction of its case.

On November 25, 2009 Bowers submitted to the contracting officer two claims for rent under the Lease. The first claim was for $56,640.78 (plus interest) for the assertedly unpaid rent for January, February, and March of 1994. The second claim stated that "the FAA has underpaid its rental obligation by $664 every month from October 1, 1998 to October 1, 2006," for a total of $64,408.00 (plus interest). On January 27, 2010 these claims were denied by the contracting officer. Bowers appealed to the Court of Federal Claims.

The government moved to dismiss under Rule 12(b)(1) of the United States Court of Federal Claims, arguing that Bowers had already proceeded in the CBCA with respect to rents due under the Lease, and had received a decision from which no appeal was taken. The government also moved to dismiss under Rule 12(b)(6), arguing that Bowers could have brought its rent underpayment claim when it brought its nonpayment claim, and failed to do so. The government asserted claim preclusion, res judicata, and lack of jurisdiction.

The Court of Federal Claims held that it had jurisdiction, but that Bowers' claims were precluded. Bowers sought to excuse its failure to bring all its claims to the CBCA, stating that it "did not notice the non-payment [of rent for January, February, and March of 1994] before because there was a significant amount of money being paid to Bowers around this time by the FAA as a result of the initial build-out called for under the lease." The court was skeptical of Bowers' assertion that Bowers was unaware that it had not received the three missing rent payments,

and was not aware of the now-asserted miscalculation that produced years of rental underpayments, until the FAA provided its payment records in the CBCA proceeding. The court observed that Bowers was a commercial entity, "should have kept records of rental payments", and "should have known of the facts giving rise to its present [nonpayment and underpayment] claims" prior to its appeal to the CBCA. The court held that the CBCA's final decision precluded litigation of these claims in the Court of Federal Claims. This appeal followed.

## DISCUSSION

Claims arising from a contract with the federal government must first be submitted to the contracting officer, 41 U.S.C. § 7103(a)(1), and the contracting officer's decision may be appealed to either the appropriate board of contract appeals or the Court of Federal Claims, at the contractor's election. 41 U.S.C. § 7104(a)-(b)(1); *see Nat'l Neighbors, Inc. v. United States*, 839 F.2d 1539, 1542 (Fed. Cir. 1988) ("Once a contractor makes a binding election under the Election Doctrine to appeal the contracting officer's adverse decision to the appropriate board of contract appeals, that election must stand and the contractor can no longer pursue its claim in the alternate forum.").

Bowers states that its claim in the Court of Federal Claims is a different claim from that decided by the CBCA, and thus is not limited by the Election Doctrine. The Court of Federal Claims agreed with Bowers that the claims were distinct to the extent that the Election Doctrine did not deprive the court of jurisdiction, and declined to dismiss under Rule 12(b)(1). The court held that the claims that Bowers filed in 2008 and appealed to the CBCA were "separate and distinct," for purposes of the Election Doctrine, from those filed in 2009 and appealed to the court. The

court premised this distinction on the fact that the claim for the final rental payment of September 2006 was the only rental claim that had been presented to the contracting officer in 2008, while the 2009 claim was for other underpayments or nonpayments of rent.

The court granted the government's motion to dismiss under Rule 12(b)(6). "In ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). The Court of Federal Claims held that the current rental claims could have been and should have been brought in the prior action. The court held that the current rental claims all "arise from the same set of transactional facts" as the claims previously before the CBCA, and that the claims are now precluded.

Bowers agrees that it requested the Lease payments for January, February, and March 1994 from the CBCA in the 2008 action, but contends that the CBCA "chose not to address that issue." That is inaccurate, for the CBCA received this argument but did not grant the requested payments, expressing doubt that Bowers would have remained silent if the FAA actually failed to pay three months' rent. Bowers explained to the Court of Federal Claims that it had not raised this question in its first submission to the contracting officer because Bowers was unaware of the nonpayment and underpayments until the FAA produced its payment history in the CBCA. The Court of Federal Claims again expressed skepticism that Bowers had been unaware that it was not receiving rental payments for the first three months of the Lease, and not receiving the agreed rent over the entire lease term. We do not discern clear error in the court's findings, and in its ruling that the

claims for rent were precluded by the final decision of the CBCA.

Claim preclusion requires (1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003). Cases that meet these criteria preclude later litigation of issues that could have and should have reasonably been brought in the earlier case. *Nevada v. United States*, 463 U.S. 110 (1983). In essence, the preclusion doctrine operates to give a party one, and only one, full and fair opportunity to litigate its matter. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). We review without deference the decision that claim preclusion applies. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) ("Whether a claim is barred by claim preclusion is a question of law that appellate courts review de novo.").

Courts decide whether two claims involve the same transactional facts "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1271 (Fed. Cir. 2008) (*quoting Restatement (Second) of Judgments* §24(2) (1982)). In contract disputes, the rule has been refined to create a presumption that all claims arising from the same contract should be brought together. "[C]laims arising out of the same contract" are presumed to "constitute the same claim for res judicata purposes." *Id.* at 1272. Here, the claims arise from the same contract, and raise the same issue of payment of the rent provided in the

Lease. Treatment of the claims for rent "as a unit conforms to the parties' expectations," *id.* at 1271, and serves the aim of relieving parties "of the cost and vexation of multiple lawsuits," *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In sum, the Court of Federal Claims did not err in holding that it had jurisdiction of the subject matter, and correctly held that the claims now raised arose from the same transactional facts and the same Lease contract, and could have been and should have been raised in the prior proceeding. We agree that Bowers' claims for underpaid or unpaid rent are precluded by the prior proceeding. The decision of the Court of Federal Claims is affirmed.

**AFFIRMED.**