Frank J. VISCONI, Plaintiff, pro se,

v.

The UNITED STATES, Defendant.

No. 12–107C.

United States Court of Federal Claims.

Nov. 28, 2012.

Frank J. Visconi, Plaintiff, pro se.

Robert C. Bigler, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., Counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

This is the second case that Frank J. Visconi ("Plaintiff") has filed in the United States Court of Federal Claims to correct his military records.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND.

On September 29, 2010, Plaintiff filed an initial Complaint in the United States Court of Federal Claims alleging that the Board for the Correction of Naval Records ("BCNR") improperly denied requests to correct his military service and medical records. *See Visconi v. United States,* 98 Fed.Cl. 589, 591–92 (2011) (*"Visconi I "*). On April 20, 2011, that case was dismissed for lack of jurisdiction, because, among other reasons, no monetary relief was requested. *Id.* at 594. Subsequently, the United States Court of Appeals for the Federal Circuit affirmed that decision. *See Visconi v. United States,* 455 Fed.Appx. 986, 988 (Fed.Cir.2012) (*"Visconi II "*).

The relevant facts from 1964 to 2008 concerning Plaintiff's dispute with the BCNR about his receipt of the Bronze Star Medal, Purple Heart Medal, other awards, and missing records are set forth in *Visconi I,* 98 Fed.Cl. at 590–591. Additional facts not previously considered by the court, but addressed in Plaintiff's February 15, 2012 Complaint ("Compl.") and attached Exhibits ("Ex."), follow.

In May 2009, Plaintiff received a letter from the BCNR informing him that his request for a replacement Bronze Star Medal and Purple Heart Medal were denied, because the documents he provided were not authentic. Compl. at 49. Specifically, the Bronze Star citation was not the standard format citation, because the Commanding General ("CG") would have been the awarding authority, the signature of Lt. Col. J.A. Polidori did not match other signature samples, the format of the citation was not in the standard prescribed format set forth in Department of the Navy Policy, and the Purple Heart is never issued with a citation, but is awarded based on medical records. Compl. at 49–52. Plaintiff protested, arguing that the CG was not the only awarding authority, Lt. Col. Polidori likely used his assistant or

somebody else for the signature, other citations not conforming to the standard format were issued, and his injuries were never recorded on his medical record. Compl. at 49–52.

In July 2011, Plaintiff traveled to visit his brother in Michigan and found a copy of a letter dated April 25, 1969 from the Commanding General of the Third Marine Division. Compl. at 65–66. The letter notified Plaintiff of his receipt of the Purple Heart Medal for wounds received in Vietnam on June 18, 1965. Ex. 21d2. Plaintiff sent the letter to the BCNR and the Marine Corps Military Award Branch ("MMMA") but apparently never received a response. Compl. at 66.

On August 1, 2011, Plaintiff sent another Application For Correction of Military Records to the BCNR, including a letter from now Major Polderdyke supporting the issuance to Plaintiff of the Combat Action Ribbon and the Presidential Unit Citation. Compl. at 72. On August 23, 2011, Plaintiff received a letter from the BCNR advising him to send the forms and letter to the Navy Personnel Command ("NPC") in St. Louis, Missouri. Compl. at 72. On December 2, 2011, Plaintiff did so, but he apparently never received a response. Compl. at 75. On December 15, 2011, Plaintiff sent another letter to the NPC. Compl. at 76 (citing Ex. N9). On January 16, 2012, Plaintiff sent the BCNR a letter from Gerald R. Mollohan, a Marine veteran who served with Plaintiff, that confirmed Plaintiff's participation in Operation Starlite. Compl. at 77. The BCNR, however, denied materiality of the Mollohan letter. Compl. at 78 (citing Ex. N12). Plaintiff also requested that the BCNR produce the initial 1969 letter from the Commandant that notified Plaintiff of his promotion to Staff Sergeant, but the BCNR again did not reply. Compl. at 81–82.

On February 15, 2012, Plaintiff filed a second Complaint in the United States Court of Federal Claims, requesting that the court order: (1) the BCNR to correct his records; (2) the BCNR to update his DD–214 and DD–215 to include his four awards; (3) the Department of the Navy or one of the designees to provide proof to http://www. pownetwork.com and its producers, and demand that information about Plaintiff be removed from the website and Google; (4) Samuel H. Killeffer to remove documents and information about Plaintiff from the Together We Served website; (5) the Government to pay all of Plaintiff's litigation costs; and (6) the Government to pay Plaintiff punitive damages, in an amount not less than $50,000, for harm done to his character and integrity. The February 15, 2012 Complaint alleges that the court has jurisdiction over these claims, pursuant to the Administrative Procedure Act ("APA") 5 U.S.C. § 702, 10 U.S.C. § 1552, and 42 U.S.C. § 300aa–12.

On March 5, 2012, Plaintiff filed a Motion To File Amended And Supplemental Pleading To Original Complaint. On March 12, 2012, Plaintiff filed another Motion To File Amended And Supplemental Pleading To Original Complaint, alleging the BCNR abused its discretionary authority and breached fiduciary duties and obligations owed to Plaintiff.

On April 5, 2012, the court issued an order granting Plaintiff's March 5, 2012 Motion and March 12, 2012 Motion, and stating that the court will consider the Plaintiff's March 12, 2012 Amended Complaint to consist of: the February 15, 2012 Complaint; the March 5, 2012 Motion To Amend Pleadings; and the March 12, 2012 Motion To Amend. On April 25, 2012, Plaintiff also filed a Motion Asking The Court To Issue A Preliminary Injunction And/Or A Temporary Restraining Order against Samuel H. Killeffer and Soddy Daisy.

On May 14, 2012, the Government filed a Response To Plaintiff's April 25, 2012 Motion, arguing therein that the court does not have subject matter jurisdiction to issue the requested injunction.

On May 16, 2012, the Government filed a Motion To Dismiss.

On May 22, 2012, Plaintiff filed a Motion To File Amended And Supplemental Pleading To Original Complaint. The Motion included polygraph examination results that Plaintiff contends evidence that he has not engaged in any deception in this case.

On May 25, 2012, Plaintiff also filed a Response to the Government's May 16, 2012

Motion To Dismiss and a Reply to the Government's May 14, 2012 Response.

On June 7, 2012, the Government filed a Reply to Plaintiff's May 25, 2012 Response.

On June 25, 2012, Plaintiff filed a Response to the Government's June 7, 2012 Reply.[1]

On July 17, 2012, the court received a letter that Plaintiff sent the BCNR, the purpose of which was to contest the BCNR's response as to why Plaintiff's citations were not authentic.

On July 23, 2012, Plaintiff filed a Motion To File Amended And Supplemental Pleading To Original Complaint re-asserting the equitable jurisdiction of the court to resolve this matter.

On August 8, 2012, the Government filed a Response To Plaintiff's July 23, 2012 Motion.

On August 12, 2012, Plaintiff filed another Motion To File Amended And Supplemental Pleading To Original Complaint. On August 21, 2012, the court issued an order allowing that Motion to be filed as a Sur–Reply, but advising that the Government need not respond.

## II. DISCUSSION.

### A. Jurisdiction.

■ The Tucker Act authorizes the United States Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act itself, however, does not create a substantive cause of action, and "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir. 2005) (*en banc*).

### B. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

■ A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]").

■ "[I]n deciding the Government's motion to dismiss plaintiff['s] complaint, the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir. 1995). Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### C. Standard Of Review For *Pro Se* Litigants.

■ In considering the dismissal of a *pro se* complaint, the pleading is held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se* ] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct.Cl.1969). Nevertheless, while the court may excuse ambiguities in *a pro se* plaintiffs

---

1. On June 25, 2012, the court issued an order that Plaintiff's June 25, 2012 Response was a Sur–Reply, to which the Government need not respond.

complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

### D. The Government's May 16, 2012 Motion To Dismiss.

### 1. The February 15, 2012 Complaint, As Amended, Is Barred By The Doctrine Of *Res Judicata*.

■ "Claim preclusion [or *res judicata*] requires (1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case." *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed.Cir.2012) (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed.Cir.2003)).

In this case, the identities of the parties, *i.e.*, Plaintiff and the United States, are the same as in *Visconi I*.

■ As to the second element, "a court's final decision regarding its jurisdiction is a decision on the merits." *Maracalin v. United States*, 52 Fed.Cl. 736, 740 (2002); *see also Goad v. United States*, 46 Fed.Cl. 395, 398 (2000) ("A court always possesses jurisdiction to determine the scope of its own jurisdiction, and 'dismissals for lack of jurisdiction may be given *res judicata* effect as to the jurisdictional issue.'"). In *Maracalin*, the court held that plaintiff's second complaint involved virtually identical claims, and was thus barred by *res judicata. See Maracalin*, 52 Fed.Cl. at 740–41, *aff'd by* 63 Fed.Appx. 494, 496 (Fed.Cir.2003) (*per curiam*).

■ As to the third element, courts decide whether two claims involve the same transactional facts "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Bowers Inv. Co.*, 695 F.3d at 1384 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1980)). Here, the underlying facts in this action and in *Visconi I* are virtually identical. To the extent that the February 15, 2012 Complaint,

as amended on March 5, 2012, alleges new and additional facts, the operative "set of transactional facts" remains the same.

Therefore, the court has determined that the claims alleged in the February 15, 2012 Complaint, as amended, satisfy the test for applicability of *res judicata. See Comm'r v. Sunnen*, 333 U.S. 591, 597–88, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

### 2. In The Alternative, The Court Does Not Have Jurisdiction Over The Claims Alleged As They Are Not Based On A Money–Mandating Statute.

Assuming *arguendo*, that the claims alleged in the February 15, 2012 Complaint, as amended, were not barred by *res judicata*, none of the statutes on which Plaintiff relies is money-mandating.

■ First, 10 U.S.C. § 1552 authorizes the Secretary of a military department to correct military records when the Secretary considers it necessary to correct an error or remove an injustice. *See* 10 U.S.C. § 1552. "[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004). Section 1552, however, "is not the 'money-mandating' statute that gives rise to the cause of action that provides the basis for a Tucker Act suit in the Court of Federal Claims." *Martinez v. United States*, 333 F.3d 1295, 1315 (Fed.Cir. 2003). Therefore, as in *Visconi I*, the court has determined that, to the extent that the claims alleged in the February 15, 2012 Complaint, as amended, rely upon 10 U.S.C. § 1552 as a basis for jurisdiction, the claims must be dismissed. *See* RCFC 12(b)(1).

Section 300aa–12 provides the court with jurisdiction over proceedings to determine if a petitioner is entitled to compensation for a vaccine-related injury or death. 42 U.S.C. §§ 300aa–11, 300aa–12. Plaintiff's claims are in no way related to vaccine injury, and therefore those sections provide no basis for the claims alleged in the February 15, 2012 Complaint, as amended.

In addition, the court does not have jurisdiction under the APA. The APA provides that "[a] person suffering legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But, no substantive APA review is available in the United States Court of Federal Claims. *See Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1370 n. 11 (Fed.Cir.2005) (citation omitted). Instead, "Federal district courts—not the Court of Federal Claims—are the proper fora for APA actions." *Stroughter v. United States*, 89 Fed.Cl. 755, 763 (2009). In addition, "the APA is not a jurisdictional statute and does not confer jurisdiction on a court not already possessing it." *Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1559 (Fed.Cir.1988). Nor does the APA mandate the payment of money damages. *See Heagy v. United States*, 12 Cl.Ct. 694, 697–98 (1987). Therefore, the APA does not provide the court with a basis for jurisdiction for adjudicating the claims alleged in the February 15, 2012 Complaint, as amended.

In this case, Plaintiff has asserted monetary claims for damage to his reputation caused by the BCNR's failure to make the requested corrections. Claims for the correction of military records "are outside the parameters of the Court of Federal Claims' Tucker Act jurisdiction unless they are somehow 'tied and subordinate to' a separate claim for money." *Millican v. United States*, 2006 WL 5640829, at *8 (Fed.Cl. Aug. 24, 2006) (quoting *James v. Caldera*, 159 F.3d 573, 580–81 (Fed.Cir.1998)). As for alleged defamation by private parties, these are tort claims over which a United States District Court or state court may have jurisdiction, but this court does not. *See* 28 U.S.C. § 1491(a); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059 (Ct.Cl.1981) ("Tort claims ... are expressly beyond our Tucker Act jurisdiction.").

## III. CONCLUSION.

For the reasons discussed above, the court grants the Government's May 16, 2012 Motion to Dismiss Plaintiff's February 15, 2012 Complaint, pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED.**