NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SOLOMON UPSHAW,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2015-5075

———————————

Appeal from the United States Court of Federal Claims in No. 1:15-CV-00058, Judge Lawrence J. Block.

———————————

Decided: September 11, 2015

———————————

SOLOMON UPSHAW, Cape Neddick, ME, pro se.

ALLEN M. BRABENDER, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for appellee.

———————————

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

The United States Court of Federal Claims dismissed Solomon Upshaw's complaint seeking reversal of a prior judgment. Because we agree with the trial court that the doctrine of *res judicata* bars plaintiff's suit, we affirm the trial court's dismissal of Mr. Upshaw's complaint.

## I

In January 2014, prior to the present action, Mr. Upshaw filed a separate suit in the Court of Federal Claims seeking damages based on a decision by the Eastern Band of Cherokee Indians ("Band") declining to enroll him as a member. *See Upshaw v. United States*, No. 14-cv-0058, 2014 WL 2430786, at *1 (Fed. Cl. May 30, 2014) ("*Upshaw I*"). In response to the government's motion to dismiss, Mr. Upshaw submitted documentation showing that, in 1907, the government rejected an application by Georgeana Upshaw for a share of a fund appropriated by Congress for the Cherokee Indians. *Id.* Mr. Upshaw argued that, as a descendent of Georgeana Upshaw, he was injured by this 1907 rejection. *Id.* The Court of Federal Claims dismissed Mr. Upshaw's complaint, concluding that the court lacked jurisdiction because the federal government has no statutory obligation to act in Cherokee enrollment issues. *Id.* The Court of Federal Claims also concluded that any claim from the 1907 rejection of Georgeana Upshaw's application was barred by the statute of limitations. *Id.* On appeal to this court, we affirmed. *See Upshaw v. United States*, No. 2014-5104, 582 Fed. App'x 888, 889–90 (Fed. Cir. Nov. 10, 2014) ("*Upshaw II*").

## II

Mr. Upshaw's complaint in this action seeks to re-litigate the same issues already decided by the Court of Federal Claims in *Upshaw I* and affirmed by this court in *Upshaw II*. The doctrine of *res judicata*, sometimes

referred to as claim preclusion, "operates to give a party one, and only one, full and fair opportunity to litigate its matter." *Bowers Inv. Co., LLC v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012) (citing *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)). "[T]o prevail on a claim of *res judicata,* the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979)). There can be no doubt that *res judicata* applies here. Mr. Upshaw asks the Court of Federal Claims to re-decide the same issues that the trial court decided in *Upshaw I* and that this court affirmed in *Upshaw II*. Accordingly, we affirm the trial court's dismissal of Mr. Upshaw's complaint.

**AFFIRMED**

No costs.