NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. MILTON, JR., MANUELLA F. MILTON,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1130

---

Appeal from the United States Court of Federal Claims in Nos. 1:18-cv-00021-MCW, 1:18-cv-00796-MCW, Senior Judge Mary Ellen Coster Williams.

---

Decided:  March 5, 2020

---

ROBERT E. MILTON, JR., MANUELLA F. MILTON, Altadena, CA, pro se.

JAMES WILLIAM POIRIER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Robert and Manuella Milton appeal an order of the United State Court of Federal Claims ("Claims Court") dismissing their complaint for failure to state a claim and for lack of jurisdiction and, in the alterative, as barred by claim preclusion. *See Milton v. United States*, No. 18-21C, 2019 WL 4137495 (Fed. Cl. Aug. 30, 2019). For the reasons discussed below, we *affirm* the Claims Court's dismissal.

I

The Miltons are the founders and sole owners of REM Engineering Company ("REM"), a professional engineering and construction services business. Mr. Milton is a combat-injured Vietnam veteran. REM thus qualifies as a Service-Disabled Veteran-Owned Small Business ("SDVOSB").

In October 2011, the Department of Veterans Affairs ("VA") awarded REM a $23,347,412 SDVOSB set-aside project, Contract Number 101CFM-C-0167 ("Contract"). Under the Contract, REM was to build a 10-acre solar farm for the VA Southern Nevada Healthcare System in North Las Vegas, Nevada. As a condition of the Contract, REM was required to acquire performance and payment bonds, each equal to the Contract's value. REM acquired the necessary bonds within days of the VA awarding the Contract. The Miltons personally indemnified the Bonds.

A number of bid protests were filed, delaying the VA issuing a Notice to Proceed on the Contract. In August 2012, the Government Accountability Office ("GAO") sustained a protest that argued unreasonable valuation. The GAO recommended that the VA reevaluate REM's offer to determine whether it was the best value to the government. Eleven months later, in July 2013, the VA terminated its contract with REM for convenience. REM, having

never received a Notice to Proceed, completed no work under the Contract.

After receiving the VA's Notice of Termination, REM submitted a settlement proposal to the VA, seeking $3,534,983. In January 2014, the VA denied REM's settlement proposal and modified the Contract to reflect a final settlement amount of $39,303.28. REM appealed the final settlement to the Civilian Board of Contract Appeals ("Board").

REM filed another claim with the VA in May 2014, arguing that it had incurred damages due to the VA's eleven-month delay in releasing it from the Contract. REM argued that it had been unable to complete other work because its entire bonding capacity was consumed by the Contract. The VA denied this claim in July 2014, and REM appealed to the Board.

In September 2015, REM accepted a settlement offer of $3,050,000 in full settlement of both Board appeals.

The Miltons filed this suit in the Claims Court in January 2018, alleging four counts related to the Contract: breach of written contract; breach of implied contract; breach of oral contract; and breach of implied duty of good faith and fair dealing. The government moved to dismiss the case.

The Claims Court granted the government's motion. It found that the Miltons: (1) had failed to establish that they were third-party beneficiaries to the Contract, (2) failed to establish they were sureties for the purposes of the equitable subrogation doctrine, and (3) failed to allege conduct giving rise to a plausible implied-in-fact contract. In the alternative, the court found the Miltons' claims barred by claim preclusion.

The Miltons timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review legal questions, such as whether the Claims Court has jurisdiction over a claim, whether claim preclusion applies, or whether a party has failed to state a claim, de novo. *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016); *Biafora v. United States*, 773 F.3d 1326, 1334 (Fed. Cir. 2014); *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012). We review the Claims Court's jurisdictional findings of fact for clear error. *Biafora*, 773 F.3d at 1334.

### A. Failure to State a Claim

The Claims Court found that the Miltons failed to plausibly allege an implied-in-fact contract with the VA. *Milton*, 2019 WL 4137495, at *4. To plead an implied-in-fact contract, a claimant must allege, "mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997).

The Miltons' complaint alleges that Mr. Milton communicated with the VA about the negative effect that remaining on standby, with REM's bonding capacity tied to the project, had on REM and the Miltons. Suppl. App. 18, ¶ 9. Despite this, the VA consistently stated that, if REM were to pull the bonds, REM would default on the Contract. *Id.* Such a default would have resulted in the Miltons becoming personally liable under the Contract. *Id.* The Miltons argued to the Claims Court that the VA's threat of default constituted a meeting of the minds between Mr. Milton and the VA contracting officer. *Milton*, 2019 WL 4137495, at *4.

The Claims Court correctly held that the Miltons failed to plausibly allege an implied-in-fact contract between Mr. Milton and the VA. Specifically, the Miltons do not allege a plausible offer or intent to contract by the VA.

Accordingly, we affirm the Claims Court's dismissal of the Miltons' allegations stemming from of an implied-in-fact contract.

### B. The Miltons' Relationship to the Contract

The Claims Court found that it lacked jurisdiction over the Miltons' remaining claims because the Miltons failed to establish that they were parties to the Contract. *Milton*, 2019 WL 4137495, at *3. Under the Tucker Act, to established that the Claims Court has jurisdiction over a contract-based claim, a plaintiff must prove privity of contract between itself and the government. *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998). The Claims Court found that REM, not the Miltons, was party to the Contract. *Milton*, 2019 WL 4137495, at *3. The Contract, which clearly establishes that the bound parties are REM and the government, confirms that the Claims Court's finding was not erroneous. Supp. App. 47.

On appeal, the Miltons argue that Mr. Milton was necessarily a party to the contract based on VA regulations related to REM's SDVOSB status. This argument is unavailing. VA regulations set out a scheme to provide preferential treatment to SDVODBs but do not establish a contractual relationship between the veteran business owner and the VA. *See* 48 C.F.R. §§ 819.7001–819.7009. The fact that REM received an SDVOSB certification similarly does not create a contract. The certification merely establishes that the business meets the regulatory requirements for preferential treatment. *See* 13 C.F.R. §§ 125.12–125.16. Thus, the Claims Court correctly found that Mr. Milton, as an individual, does not have privity of contract with the government based on REM's SDVOSB status.

A plaintiff may also seek relief before the Claims Court as a third-party beneficiary to a government contract. *See G4S Tech. LLC v. United States*, 779 F.3d 1337, 1340 (Fed. Cir. 2015). To establish third-party beneficiary status, the contracting parties must intend to directly benefit the

third-party. *Id.* The intent may be express or implied, but must be fairly attributable to the contracting officer. *Id.* The Miltons do not allege in their complaint that they are third-party beneficiaries of the Contract. They argued to the Claims Court, in response to the government's motion to dismiss, that the VA is a third-party beneficiary to the contract. Pls.' Resp. Def.'s Mot. Dismiss at 5, *Milton*, 2019 WL 4137495 (Fed. Cl. Aug. 20, 2018) (No. 18-21), ECF No. 18. The Claims Court held that, because the Miltons did not articulate how the VA's status as a third-party beneficiary gave them any rights in the Contract and because the Miltons did not allege that they themselves are third-party beneficiaries, the Miltons failed to establish this alternative basis for the Claims Court's jurisdiction over the claims. *Milton*, 2019 WL 4137495 at *3.

We agree. The Miltons have not alleged that they, themselves, were third-party beneficiaries to the Contract nor have they articulated why the VA's status as such a beneficiary would give them any right to bring this suit. Accordingly, we affirm the Claims Court's holding that it does not have jurisdiction over the Miltons' contract claims.

### C. Implied Duty of Good Faith and Fair Dealing

Government contracts impose on the government an implied duty of good faith and fair dealing. *See Metcalf Const. Co., v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement."). No such duty arises, however, in the absence of a contract. As we explain above, the Miltons do not plausibly allege an implied-in-fact contract with the VA and they are not parties to the Contract. Absent a contract, the Miltons' claim of breach of an implied duty of good faith and fair dealing is unsustainable.

### III

We have considered the remainder of the Miltons' arguments but find them unpersuasive.  For the reasons discussed above, the Claims Court properly dismissed this case.  Accordingly, we *affirm* the decision of the Claims Court.

**AFFIRMED**

Costs

No costs.