NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PROBIR KUMAR BONDYOPADHYAY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-2091

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01831-MBH, Senior Judge Marian Blank Horn.

---

Decided: March 11, 2021

---

PROBIR KUMAR BONDYOPADHYAY, Houston, TX, pro se.

JOSHUA MILLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, JEFFREY B. CLARK, GARY LEE HAUSKEN.

---

Before PROST, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

PER CURIAM.

Dr. Probir Kumar Bondyopadhyay appeals from a decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint against the United States. He alleged a "violation" of U.S. Patent 6,292,134 (the "'134 patent"), a patent infringement-based taking by the government, and fraud. *See Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 179–83 (2020) ("*Decision*"). Because the court correctly concluded that the claims were barred by *res judicata* or for lack of jurisdiction, we *affirm*.

## BACKGROUND

Dr. Bondyopadhyay filed a complaint in the Claims Court on November 27, 2019, alleging that the United States "violat[ed] [his] Exclusive Right for Limited Times," the '134 patent. *Decision* at 179. The '134 patent relates to a "geodesic sphere phased array antenna system" for "multi-satellite tracking and communications." '134 patent, Abstract, col. 3 ll. 3–6. Dr. Bondyopadhyay accused the government of a "violation of **Exclusive Right for Limited Times** of an Inventor, Owner, U.S. Citizen [which is] a U.S. Constitutional Order that can NOT be dismissed by any Article 3 U.S. Courts or Article 1 U.S. Courts, created under Section 8, Clause 9." *Decision* at 179 (emphasis in original). Dr. Bondyopadhyay stated that the government "*has taken the livelihood of this Independent Inventor* for a prolonged period of eleven years and 23 days and continues to remain indifferent towards this *Constitutional Order* for a long time." *Id.* at 182 (emphasis in original). Dr. Bondyopadhyay further argued that the government committed "acquisition of Innovation fraud under Title 15 USC section 638(a) and 638(b)" and "honors [a] false inventor." *Id.* at 179, 182–83 (original formatting omitted). In the complaint, Dr. Bondyopadhyay did not expressly focus

on a specific device as infringing the '134 patent claims. *Id.* at 187. He instead referred to government technology that, in 2014, he accused of infringing the '134 patent. *Id.*

This is the second time that Dr. Bondyopadhyay has appealed to this court regarding the '134 patent. *See Bondyopadhyay v. United States*, 748 Fed. App'x 301 (Fed. Cir. 2018) ("*Bondyopadhyay I Appeal*"), *aff'g Bondyopadhyay v. United States*, 136 Fed. Cl. 114 (2018) ("*Bondyopadhyay I*"). On February 23, 2014, Dr. Bondyopadhyay filed a complaint in the Claims Court accusing the United States Air Force of infringing the '134 patent by "using and manufacturing a portion of a phased antenna array system." *Bondyopadhyay I* at 116. The accused device at issue in that case was "the Ball Advanced Technology Demonstration antenna." *Id.* at 118–19.[1] On March 20, 2015, the court granted the government's partial motion to dismiss his claims for pre-January 11, 2008 damages as time barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501 and any claims that arose after the '134 patent expired on September 18, 2009. *See Bondyopadhyay v. United States*, No. 14-147C, 2015 WL 1311726, at *7 (Fed. Cl. Mar. 20, 2015). The court also dismissed Dr. Bondyopadhyay's Fifth Amendment takings claim. *See id.* at *6.

After the claim construction phase, the Claims Court granted the government's August 23, 2017 motion for summary judgment. *See Bondyopadhyay I* at 120–21, 124. The court found that the accused device did not infringe the '134 patent literally or under the doctrine of equivalents. *See id.* On appeal, this court determined that the Claims Court "correctly granted summary judgment of

---

[1]    We previously discussed the '134 patent and the technology at issue in the *Bondyopadhyay I Appeal* opinion. *See id.* at 302–05.

noninfringement in favor of the government." *Bondyopadhyay I Appeal* at 308.

In the present case, the Claims Court interpreted Dr. Bondyopadhyay's complaint as setting forth three claims: (1) infringement of the '134 patent, (2) a patent infringement-based Fifth Amendment taking, and (3) fraudulent or false conduct. *See Decision* at 179. Regarding the infringement claim, the court determined that Dr. Bondyopadhyay already litigated that issue to a final judgment in the *Bondyopadhyay I* case, so his infringement claims were barred by the doctrine of *res judicata*. *See id.* at 190. The court found that Dr. Bondyopadhyay did "not refute [the government's] statements in its motion to dismiss . . . that '[t]he device made pursuant to this Acquisition Timeline is the Ball Advanced Technology Demonstration antenna,' or that 'the exhibits appended to [Dr. Bondyopadhyay's] complaint and in *Bondyopadhyay I* make clear that [Dr. Bondyopadhyay] accuses the ***exact same*** device of infringing the ***exact same*** patent.'" *Id.* at 189–90 (emphasis in original).

Next, for the same reasons discussed in the *Bondyopadhyay I* opinion, the Claims Court determined that it lacked subject matter jurisdiction to hear Dr. Bondyopadhyay's patent infringement-based Fifth Amendment takings claim. *See id.* at 191 ("[T]o the extent plaintiff alleges a taking claim based on the alleged infringement of the '134 patent, this court lacks jurisdiction to hear such a claim as a Fifth Amendment taking claim."). Furthermore, the court determined that Dr. Bondyopadhyay's fraud allegations were tort claims which are expressly excluded from its jurisdiction by the Tucker Act. *See id.* at 192; 28 U.S.C. § 1491(a). The court thus determined that it lacked subject matter jurisdiction to adjudicate those fraud-based claims. *See Decision* at 192 ("[P]laintiff's allegations of fraudulent or false conduct on the part of the defendant . . . must be dismissed for lack of jurisdiction in this court.").

The Claims Court additionally considered whether Dr. Bondyopadhyay's claims were barred by the applicable statute of limitations. *See id.* at 192–94. As set forth in 28 U.S.C. § 2501, the statute of limitations for every claim of which the court has jurisdiction is six years after such claim first accrues. The court determined that, even if the statute of limitations could be tolled by 28 U.S.C. § 286 for an additional 44 days, "under any plausible formulation of the claims in [Bondyopadhyay's] complaint, the current case, which was filed on November 27, 2019, was not filed within the applicable statute of limitations pursuant to 28 U.S.C. § 2501 and 35 U.S.C. § 286." *Id.* at 194. The court thus dismissed Dr. Bondyopadhyay's complaint, stating that he "did not offer any evidence or argument as to why [his] current case for patent infringement against the United States is not materially identical to the patent infringement claims at issue in [his] previous case in this court, or why his current case is within the applicable statute of limitations." *Id.*

Dr. Bondyopadhyay timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).[2]

### DISCUSSION

We review dismissals by the Claims Court for *res judicata* or for lack of jurisdiction *de novo. Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). A plaintiff "bears the burden" of demonstrating jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). Although *pro se* plaintiffs are entitled to a liberal construction of their complaint,

---

[2]    Dr. Bondyopadhyay's opening brief references *Bondyopadhyay v. Sec'y of Defense*, No. 4:13-cv-01914 (S.D. Tex.). *See, e.g.*, Appellant's Br. 2–4, 6, 11, 14–16. To the extent Dr. Bondyopadhyay challenges that district court's findings in this appeal, we lack jurisdiction over any such challenges.

*see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Beginning with the patent infringement claims, Dr. Bondyopadhyay argues that the doctrine of *res judicata* does not apply. *See* Appellant's Br. 15. He states that the Claims Court "failed to correctly apply" 28 U.S.C. § 1498(a). *Id.* at 7. Dr. Bondyopadhyay asserts that the court misunderstood that the issue is unauthorized *use* of the '134 patent for 12 years and 229 days—distinguishing between the idea of an alleged *use* of the '134 patent by the government versus a need to identify *an accused device* that falls within the scope of any of the '134 patent claims. *See* Appellant's Reply Br. 10. Dr. Bondyopadhyay claims that a July 30, 2002 letter from the Air Force Legal Services Agency is proof of patent infringement by admission. *See Bondyopadhyay I*, ECF 17, Ex. 2 (No. 14-147C). Dr. Bondyopadhyay characterizes the letter as admitting to infringement of the '134 patent by the government's "experimental use." Appellant's Reply Br. 2, 8, 12.

The government responds that Dr. Bondyopadhyay already brought identical infringement claims against the same party and litigated those claims to a final judgment, so the doctrine of *res judicata* resolves this issue. *See* Appellee's Br. 8, 11–12. The government asserts that Dr. Bondyopadhyay's argument that the antenna system could not be fully built during the life of the '134 patent is a new argument and, regardless, one that supports the Claims Court's dismissal of his infringement claims. *See id.* at 9.

Under the doctrine of *res judicata*, a final judgment on the merits precludes the same parties from relitigating claims that were raised or could have been raised before. *See Faust v. U.S.*, 101 F.3d 675, 677 (Fed. Cir. 1996).

"Claim preclusion requires (1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case." *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384, (Fed. Cir. 2012) (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)).

The Claims Court correctly determined that Dr. Bondyopadhyay's claims accusing the United States of infringing the '134 patent were barred by the doctrine of *res judicata*. In *Bondyopadhyay I*, Dr. Bondyopadhyay accused the government of infringing the '134 patent through development of the Ball Advanced Technology Demonstration antenna. *See Bondyopadhyay I* at 116. As discussed *supra*, the court found that the government's antenna did not infringe the '134 patent literally or under the doctrine of equivalents and granted the government's motion for summary judgment. *See id.* at 124. We affirmed. *See Bondyopadhyay I Appeal* at 308. Regarding the patent infringement claims, there was thus a final judgment on the merits. Dr. Bondyopadhyay again here seeks under 28 U.S.C. § 1498 to assert the same '134 patent against the same party. But regardless how Dr. Bondyopadhyay characterizes his claims, as unauthorized use of the patent or depriving him of a constitutional right to make a living, his claims boil down to patent infringement, claims that were previously adjudicated against him, and he has failed to allege sufficient additional facts to indicate otherwise.[3] We

---

[3]    The July 30, 2002 letter, for example is not sufficient. *See Bondyopadhyay I*, ECF 17, Ex. 2 (No. 14-147C); *see also* Appellant's Reply Br. 2, 12. The government asserted in the letter that "there is no infringement of the '134 patent." *Bondyopadhyay I*, ECF 17, Ex. 2 (No. 14-147C). The government then provided an alternative

therefore affirm the finding of *res judicata* for the infringement claims.

We next consider the dismissal of Dr. Bondyopadhyay's takings claim. Dr. Bondyopadhyay argues that the doctrine of *res judicata* does not apply. *See* Appellant's Br. 15. He refers to a "**Constitutional Order** of *exclusive right for limited times*" and requests that this court "restore" his "Constitutional right to make a living." *See id.* at 7, 11, 13, 16. The government responds that Dr. Bondyopadhyay already brought an identical takings claim and litigated it to a final judgment, so the doctrine of *res judicata* resolves this issue. *See* Appellee's Br. 8, 11–12. Our precedent dictates that "the Claims Court does not have jurisdiction to hear takings claims based on alleged patent infringement by the government." *Golden v. United States*, 955 F.3d 981, 986–88 (Fed. Cir. 2020). "Those claims . . . are to be pursued exclusively under 28 U.S.C. § 1498," *id.* at 988, as patent infringement claims. As patent infringement, those claims have previously been adjudicated and, as indicated above, are now barred under *res judicata*.

Finally, to the extent that Dr. Bondyopadhyay challenges the Claims Court's conclusion regarding his claims based on alleged governmental fraud, we conclude that the court lacked subject matter jurisdiction. "The plain language of the Tucker Act excludes from the Court of Federal Claims['s] jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see* U.S.C. § 1491(a)(1). "[F]raud as a

---

argument for non-infringement, stating that "***even if*** the '134 patent were found to be valid and infringed, we are of the opinion that the performance under the five contracts falls within the experimental use exception to patent infringement." *Id.* (emphasis added). Dr. Bondyopadhyay failed to explain how the government's repeated denial of infringement in this letter constitutes an admission.

cause of action lies in tort." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).  Thus, the court properly dismissed Dr. Bondyopadhyay's fraud claims for lack of jurisdiction.

Because we conclude that the Claims Court did not err in dismissing Dr. Bondyopadhyay's claims that are at issue on appeal for reasons of *res judicata* or for lack of jurisdiction, we do not need to reach the issue of whether his claims were filed outside of the applicable statute of limitations.

Finally, on January 28, 2021, Dr. Bondyopadhyay filed a "motion for special leave" to introduce additional information dated March 31, 2020.  We normally do not consider supplemental material submitted after briefing unless it was previously unavailable.  *See, e.g.*, *Landreth v. United States*, 797 Fed. App'x 521, 524 (Fed. Cir. 2020).  We therefore deny this motion.  On February 12, 2021, Dr. Bondyopadhyay filed a memorandum in lieu of oral argument.  Dr. Bondyopadhyay first restates arguments already presented in his briefs, which we carefully considered.  Dr. Bondyopadhyay's also moves for settlement of his financial claim, which is moot in view of our affirmance of the Claims Court's dismissal of his legal claims.

### CONCLUSION

We have considered Dr. Bondyopadhyay's remaining arguments and conclude that they are without merit.  For the reasons discussed above, we *affirm* the judgment of the Claims Court.

**AFFIRMED**