NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BYUNGMIN CHAE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1379

---

Appeal from the United States Court of International Trade in No. 1:24-cv-00086-TMR, Judge Timothy M. Reif.

---

Decided:  November 19, 2025

---

BYUNGMIN CHAE, Elkhorn, NE, pro se.

MARCELLA POWELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, JUSTIN REINHART MILLER, BRETT SHUMATE; PAULA S. SMITH, Office of the Assistant Chief Counsel, United States Customs and Border Protection, United States Department of Homeland Security, New York, NY.

---

Before DYK, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Pro se appellant Byungmin Chae appeals from a decision of the United States Court of International Trade dismissing his complaint for failure to state a claim. We affirm.

## BACKGROUND

Customs brokers help importers and exporters navigate cross-border transactions with U.S. Customs and Border Protection (Customs). 19 U.S.C. § 1641(a). To become a licensed customs broker, an applicant must sit for the Customs Broker License Examination and score at least 75 percent on the examination. 19 C.F.R. § 111.11(a)(4). Mr. Chae took the examination in April 2018 and received a score of 65 percent. As a result, Mr. Chae did not pass the examination.

This appeal concerns Customs' denial of Mr. Chae's request to credit his response to Question 27. Question 27 reads:

> 27. Which of the following mail articles are not subject to examination or inspection by Customs?
>
> A. Bona-fide gifts with an aggregate fair retail value not exceeding $800 in the country of shipment.
>
> B. Mail packages addressed to officials of the U.S. Government containing merchandise.
>
> C. Diplomatic pouches bearing the official seal of France and certified as only containing documents.
>
> D. Personal and household effects of military and civilian personnel returning to the United

> States upon the completion of extended duty abroad.
>
> E. Plant material imported by mail for purposes of immediate exportation by mail.

Gov't Informal Response Br. 5 n.2. Mr. Chae selected choice B, but Customs designated choice C as the correct answer. *Id.*

Mr. Chae administratively appealed to Customs the April 2018 examination results, arguing he deserved credit to several questions including Question 27. Customs rejected Mr. Chae's arguments for Question 27, but it credited him for other questions and raised his score. Mr. Chae's adjusted score remained below the 75 percent pass/fail threshold.

## A. *Chae I*

In 2020, Mr. Chae filed suit at the U.S. Court of International Trade (Trade Court) challenging Customs' decision with respect to Question 27. Appx7.[1] Mr. Chae argued that Question 27 was ambiguous because it was unclear whether the "mail packages" in choice B originated from inside or outside the United States, which according to Mr. Chae, changes the answer. *Chae v. Yellen*, 579 F. Supp. 3d 1343, 1359–60 (Ct. Int'l Trade 2022) (*Chae I*). Mr. Chae asserted that choice B was the correct answer in view of 19 C.F.R. § 145.2(b)(1) and 19 C.F.R. § 145.37. *Id.* The Trade Court rejected these arguments, concluding "Customs' decision to deny plaintiff credit for Question 27 was supported by substantial evidence." *Id.* at

---

[1] "Appx" refers to the appendix accompanying Mr. Chae's Informal Brief, which is docketed at ECF No. 13, and the cited pages correspond to the page numbering as docketed at ECF No. 13.

1360–61. Thus, the Trade Court dismissed Mr. Chae's action. *Id.* at 1372.

Mr. Chae appealed to this court. We affirmed the Trade Court's decision. *Chae v. Yellen*, No. 2022-2017, 2023 WL 3072385, at *7 (Fed. Cir. Apr. 25, 2023), *cert. denied*, 144 S. Ct. 347 (2023), *reh'g denied*, 144 S. Ct. 714 (2024). As to Question 27, we "agree[d] with the [Trade Court] that the regulations are sufficiently clear, and that choice B is not a reasonable selection in light of 19 C.F.R. §§ 145.2(b), 145.37(c), and 145.38." *Id.* at *5. As a result, we affirmed the dismissal.

## B. *Chae II*

In 2024, Mr. Chae filed a second lawsuit in the Trade Court. This time, he alleged that "I need just one more credit to pass the exam" and again asked the Trade Court to order Customs to give him credit for Question 27. SAppx15.[2] He raised two new issues with respect to Question 27, which he called "controversial issues." SAppx15–17. First, he alleged the definition of "customs territory" is inconsistent between two different regulations. *Id.* (arguing 19 C.F.R. § 145.2(b) includes U.S Virgin Islands while 19 C.F.R. § 101.1 excludes U.S. Virgin Islands). Second, he alleged "insular possessions" of the United States (such as the U.S. Virgin Islands) may be exempt from the "customs territory." *Id.* (discussing 19 C.F.R. § 7.2).

The government filed a motion to dismiss for failure to state a claim. The Trade Court granted the motion based on claim preclusion, concluding Mr. Chae "simply presents an additional reason that he should have been awarded credit for the same question [No. 27] that was the subject

---

[2]   "SAppx" refers to the supplemental appendix accompanying the government's informal response brief, which is docketed at ECF No. 18.

of *Chae I*." *Chae v. United States*, 736 F. Supp. 3d 1364, 1370 (Ct. Int'l Trade 2024) (*Chae II*). The Trade Court noted "the claim in *Chae I* and the present claim share the identical objective of obtaining credit for Question No. 27 and achieving a 75 percent score on the [Customs Broker License Examination]." *Id.* The Trade Court dismissed Mr. Chae's complaint without leave to amend. SAppx14.

Mr. Chae appeals the Trade Court's dismissal of his complaint. We have jurisdiction under 28 U.S.C. § 1295(a)(5).

### STANDARD OF REVIEW

We review de novo decisions by the Trade Court to grant a motion to dismiss. *Target Corp. v. United States*, 134 F.4th 1307, 1312 (Fed. Cir. 2025). Similarly, we review de novo decisions to bar a claim under claim preclusion. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

### DISCUSSION

This appeal is Mr. Chae's second appeal to this court concerning the same issue—whether he is entitled to credit for Question 27 on his Customs Broker License Examination. We agree with the Trade Court's decision to dismiss on the basis of claim preclusion.

Claim preclusion operates to bar litigation of issues that "could have and should have reasonably been brought" in the earlier suit. *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012). The doctrine applies when: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).

Here, all three prongs are met. Mr. Chae does not dispute that the first two prongs are met. Appx49. As to the third prong, Mr. Chae's claim in the present appeal is directed to whether he should be credited as answering Question 27 correctly. This is the identical issue litigated in Mr. Chae's first appearance at the Trade Court. But Mr. Chae is entitled to "one, and only one, full and fair opportunity to litigate [his] matter." *Bowers*, 695 F.3d at 1384. Because Mr. Chae's second claim is based on the same set of transactional facts as his first, we conclude that the Trade Court was correct to dismiss on the basis of claim preclusion.

Mr. Chae argues for the first time that claim preclusion does not apply because the law relevant to Question 27 was unsettled when he took his examination in April 2018. Appellant Informal Br. 2; Appx4. Specifically, he argues that at the time of his examination he was following *United States v. Baxter*, No. 3:17-cr-24, 2018 WL 6173880 (D.V.I. Nov. 26, 2018), but after the examination "the law changed" when the Third Circuit vacated and remanded in *United States v. Baxter*, 951 F.3d 128, 136–37 (3d Cir. 2020). Appx4. And according to Mr. Chae, this change in law "was something new" that he could not have presented in *Chae I. Id.*

The problem with this argument is that it has been waived because Mr. Chae raises it for the first time in this appeal. Generally, we do not consider arguments not presented to the lower court. *Hylete LLC v. Hybrid Athletics, LLC*, 931 F.3d 1170, 1174 (Fed. Cir. 2019). Although when a party appears pro se before the lower court, as here, we may be "less stringent in requiring that the issue have been raised explicitly below." *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) (quoting *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002)). We choose not to exercise such authority in this appeal and under these circumstances, we find waiver.

CONCLUSION

We have considered Mr. Chae's remaining arguments and find them unpersuasive. Accordingly, we affirm the Trade Court's final decision dismissing Mr. Chae's complaint.

**AFFIRMED**

COSTS

No costs.